## Jabez Leadbetter *vs. The* Etna Ins. Company.

In an action on a policy of insurance, referring to certain conditions, wherein it was stipulated, that the assured " shall procure a certificate under the hand of a magistrate, notary public, or clergyman, most contiguous to the place of the fire, and not concerned in the loss, or related to the insured or sufferers, that he is acquainted with the character and circumstances of the person or persons insured ; and knows or verily believes, that he, she, or they, really and by misfortune, and without fraud or evil practice, hath or have sustained by such fire loss and damage to the amount therein mentioned ; and until such certificate is produced, the loss shall not be deemed payable ;" after the destruction of the property insured by fire, the assured applied to the two nearest magistrates, who refused to give the required certificate, and then applied to the next nearest magistrate, who gave one, which was produced to the defendants ; *it was held*, that the certificate of the *nearest* magistrate was a condition precedent to the right of the plaintiff to recover.

The action was on a policy of insurance whereby the plaintiff caused $2000,00 to be insured on his house, furniture, barn, shed and hay, for the term of one year from the 12th of *December*, 1832, and the plaintiff averred a total loss of the property insured within the year by fire. Certain conditions were annexed to the policy in reference to which it was made. By one of these con-

ditions the assured was to furnish a certificate under oath, that the property was not insured elsewhere. This the plaintiff had not done. The tenth condition follows. " All persons insured by this company, and sustaining loss or damage by fire, are forth-with to give notice thereof to the company ; and as soon after as possible to deliver in a particular account of such loss or damage, signed with their own hands, and verified by their oath or affirmation ; and also, if required, shall produce their books of account and other proper vouchers ; they shall also declare on oath, whether any and what other insurance has been made on the same property, and procure a certificate under the hand of a magistrate, notary public, or clergyman most contiguous to the place of the fire, and not concerned in the loss, or related to the insured or sufferers, that he is acquainted with the character and circumstances of the person or persons insured ; and knows or verily believes, that he, she, or they, really and by misfortune, and without fraud or evil practice, hath or have sustained by such fire loss and damage to the amount therein mentioned ; and until such proofs, declarations and certificates are produced, the loss shall not be deemed payable. Also if there appear any fraud or false swearing, the insured shall forfeit all claim under this policy." With a view to comply with this condition, the plaintiff had seasonably furnished the defendants the certificate of *Lemuel Bry-ant*, a Justice of the Peace, in form required in the condition. *Mr. Bryant* testified, that eight or ten days after the fire, the plaintiff brought to him that certificate in his own hand-writing, and he signed it. It appeared, that the *Rev. Mr. Robinson*, a clergyman, and *M. Wing* and *G. Smith*, magistrates at the time, lived nearer to the place of the fire, than *Mr. Bryant* did ; and it was admitted, that neither of these gentlemen was concerned in the property insured, nor related to either party. It was further admitted, that the plaintiff had applied to *Wing* and to *Smith* to give the certificate required by the tenth condition, and that each had declined so to do. The trial was before *Weston C. J.*, who, being of opinion that the plaintiff had failed in the necessary preliminary proof, directed a nonsuit, which was to be taken off, if the whole Court should be of a different opinion.

*Otis*, for the plaintiff, submitted the case without argument.

*S. W. Robinson*, for the defendants submitted on his brief, citing the following authorities. 1 *Rolle's Abr.* 415, 452; *Doughty* v. *Neal*, 1 *Saund.* 216; *Hesketh* v. *Gray, Sayer*, 185; *Gruit* v. *Purnel*, 5 *Viner's Abr.* 207; *Davis* v. *Mure, and Pole* v. *Harrobin, cited in* 1 *T. R.* 642, 644; *Campbell* v. *French*, 1 *T. R.* 200; *Appleton* v. *Crowninshield*, 3 *Mass. R.* 443; *Bagley* v. *Francis*, 14 *Mass. R.* 453; *and Worsley* v. *Wood*, 6 *T. R.* 710, relied upon, as precisely similar to the present case.

After a continuance, *nisi*, the opinion of the Court was drawn up by

Weston C. J. — We are clearly of opinion, that the plaintiff at the trial failed to exhibit the preliminary proof, made a condition precedent to his right to recover. It was a condition fairly and rightfully imposed, fully accepted, and made a part of the policy. It was of a character not to be misunderstood; and was interposed to protect the defendants against fraud. As insurance companies, who enter into extensive contracts of this kind, are liable to great impositions, they are justified in taking every precaution, which common prudence may suggest.

In *Worsley* v. *Wood et als.* 6 *T. R.* 710, which was upon a policy against fire, it was one of the printed conditions accompanying the policy, that in case of loss, the assured should procure from the ministers and churchwardens, and from some respectable householders of the parish, not concerned in interest, a certificate like that required in the policy under consideration. The assured procured and delivered a certificate in the requisite form, from four reputable householders of the parish, and alleged in their declaration, that the minister and churchwardens of the parish, wrongfully and unjustly, and without probable cause, refused to join in such certificate. Upon an issue being made up upon this point, the jury found in favor of the assured. The case was twice argued, and received great consideration from the court. It was finally decided, that the certificate of the minister and churchwardens was a condition precedent, to the right of the assured to recover. That if unreasonably refused, it was their misfortune; but that without it, they could not prevail. That the company

had a right to impose their own conditions, for which they were not bound to receive any substitute whatever.

*Dawes* v. *The North River Insurance Company*, 7 *Cowen*, 462, which was assumpsit on a policy against fire, *Savage C. J.*, who delivered the opinion of the Court, says, "in cases of this kind, great strictness is required; and the plaintiff cannot recover, without a literal compliance with the conditions." And in the *Columbian Insurance Company* v. *Lawrence*, 2 *Peters*, 25, the certificate of a magistrate or sworn notary, required by the conditions, was held indispensable preliminary proof.

In the case before us, the defendants were not to be held to pay, unless the assured procured the specified certificate, from the nearest magistrate, notary or clergyman. This was withheld, for what reason does not appear; but without it, the plaintiff cannot prevail in this action.

*Nonsuit confirmed.*