By the Court,

Nelson, C. J.
The only question important to notice in this case, is, whether the certificate of the magistrate furnished to the defendants was a sufficient compliance with the 9th condition of the policy. It is urged 1st, that the magistrate was not the most contiguous to the place of the fire ; and 2d, that the certificate is bad in point of form.
This clause of the contract of insurance is to receive a reasonable interpretation ; its intent and substance, as derived from the language used, should be regarded. There is no more reason for claiming a strict literal compliance with its terms than in ordinary contracts. Full legal effect should always be given to it, for the purpose of guarding the company against fraud or imposition. Beyond this, we would be sacrificing substance to form—following words rather than ideas.
The magistrate, it appears, resided some three or four blocks north of the place of the fire, and kept his office, or place of business, two or three blocks south; usually passing it several times daily. A case can scarcely be imagined where the locality of the officer would afford a better opportunity to acquire a knowledge of the facts to which the certificate relates An alderman of the city resided across the street, and nearer the fire than *288 [ *378 ] Judge Lansing ; but “whether nearer than his office, is not stated. The latter place may be regarded in ascertaining the magistrate most contiguous within the meaning of the condition. His business relations arising out of his official and professional pursuits, transacted there, will be presumed to afford the requisite information as far as locality is concerned. For all the purposes of the condition, it is the place most favorable to the company.
It seems the residence of a notary happens to be a few feet nearer the fire than the office of the Judge, and we are asked to go into nice calculation of distances, and settle the point upon the laws of mensuration. Be minimis, fc., is a sufficient answer to this objection. The spirit of the condition requires no such mathematical precision from the assured. Its. object is completely secured by the proximity of the certifying magistrate.
As to the form of the certificate. It is said that the magistrate does not certify that he is acquainted with the character and circumstances of the assured, &c. The certificate is not as particular in this respec t as is required by the terms of the condition ; and yet is as full as may be practicable in many cases. The magistrate “ most contiguous” may not always be personally acquainted with the character of the claimant, and must rely upon inquiry, and proof produced as in this case for the requisite knowledge. I prefer, however, placing the answer to the objection here, mainly, upon the refusal of the agent to show the preliminary proofs to the party when asking to see them with a view to their correction. It appears that he was repeatedly called upon for that purpose, and as often refused sight of them; It is true he had before transmitted written objections to these proofs ; but they were quite indefinite in respect to the certificate, and did not advise as to the particulars in which it fell short. No copy had been kept by the assured, and it was important, therefore, to examine the original with a view to a correction. Indeed, the agent when thus directly called upon, in fair-dealing, should not only have produced the papers, but pointed out the particulars in respect to which he considered them deficient. So [ *379 ] liberal is the practice of the offices in England, *says Mr. Ellis, (Ellis on Ins. G2,) that upon application after the fire, they usually furnish the assnred with the necessary information for proving the loss. It certainly becomes all at least to throw no embarrassments in the way ; and surely there should be no contrivance to mislead the claimant when he is honestly endeavoring to comply with the conditions. . .
New trial denied.