Nov. Term,
1854.

PROTECTION
INSURANCE
COMPANY
v.
PHERSON.

———————

## THE PROTECTION INSURANCE COMPANY *v.* PHERSON.

A policy of insurance contained a stipulation that the assured, in case of a loss by fire, should forthwith procure a certificate under the hand of a magistrate or notary most contiguous to the place of the fire, not of kin, &c., that he had without fraud, &c., sustained loss to the amount claimed, &c.

*Held*, that a certificate from the nearest magistrate or notary was essential.

*Held*, also, that in case of two magistrates near the fire, any distance as between them, was material.

ERROR to the *Shelby* Circuit Court.

*Saturday,
December 2.*

DAVISON, J.—Assumpsit by *George Pherson*, surviving partner of the late firm of *J.* and *G. Pherson*, against the *Protection Insurance Company* of *Hartford, Connecticut*, upon a policy of insurance against fire for 2,500 dollars on a stock of goods at *Boggstown, Shelby* county. The policy was issued to *J.* and *G. Pherson*, on the 26th of *February*, 1851, for one year from that date, and on the 31st of *March*, in the same year, the store-house, with all the goods insured, was consumed by fire. Plea, the general issue. Verdict for the plaintiff. New trial refused, and judgment on the verdict.

The company, in her defence to the action, set up, 1. That threats had been made against *George Pherson*, which induced him to fear that the store would be fired; and to provide against danger in that respect, the insurance was effected, without notifying the company's agent that such threats had been made. 2. That the plaintiff himself had burned or connived at the burning of his own goods. 3. That the plaintiff had failed to procure the certificate of a magistrate or notary, as required by the eighth condition of the policy.

The first and second points raised no question of law. They were properly left to the consideration of the jury,

Nov. Term,
1854.

PROTECTION
INSURANCE
COMPANY
v.
PHERSON.

and the verdict, so far as it relates to them, was, in our opinion, supported by the weight of evidence.

But the policy contained a clause, designated as its eighth condition, which provided that "all persons insured by said company and sustaining loss or damage by fire, shall, if the property insured is situated one mile from the city of *Cincinnati*, forthwith procure a certificate under the hand of a magistrate or notary public (most contiguous to the place of the fire and not concerned in the loss or related to the insured) that he has made due inquiry into the cause of the fire, and also as to the value of the property destroyed, and is acquainted with the character and circumstances of the person insured, and does believe that he really and by misfortune, and without fraud or evil practice, hath sustained, by such fire, loss and damage to the amount claimed," &c.

It was proved that one *John McConnell*, at the time of the fire, was an acting justice of the peace, who resided and kept his office within thirty rods of the place where the fire occurred, and that he was not concerned in the loss, or related to the insured; that *Pherson* called on said justice and requested of him a certificate, pursuant to the above condition, but he declined giving it; and that afterwards, on the 9th of *April*, 1851, the requisite certificate was obtained from *William A. Stewart*, a justice whose residence and office were at least a mile and a half from the place of the fire; and that on the 1st of *July* in the same year, *Pherson* procured another certificate from *James Harrison*, a notary public, who kept his office and resided nine miles from the place where the goods were consumed.

The Court, upon this branch of the case, charged the jury as follows:

"It may not be so manifest that the plaintiff ought to fail if the magistrate or notary most contiguous to the place of the fire, not concerned in the loss, or related to the insured, should refuse to give the certificate contemplated by the eighth condition annexed to the policy; yet such is the law. It is more than the law. It is the express contract of the parties. Consequently, if at the time of the

Nov. Term,
1854.

PROTECTION
INSURANCE
COMPANY
v.
PHERSON.

fire and afterwards, the residence and usual place of business of justice *Mc Connell*, who declined giving the certificate, was materially nearer to the place of the fire than was the residence and usual place of official business of justice *Stewart* or notary *Harrison*, whose respective certificates have been produced, the verdict must be for the defendant."

These instructions are not strictly correct. The word "materially," in the connection in which it is used by the Court, produces a misconstruction of the condition above quoted. That clause in the policy plainly designates the magistrate or notary whose residence was nearest the place of the fire, and disinterested and not related to the assured, as the person alone competent to make the requisite certificate. The condition, in that respect, is sufficiently explicit. It shows the intent of the parties, and that intention must govern its construction. Any difference, in point of distance, from the place where the fire occurred, between the residence of *Mc Connell* and *Stewart*, was material. But it was made so by express contract, and the jury were bound to regard such difference in distance as material, without any further inquiry on their part. If *Mc Connell* was qualified to act under the condition, and resided "most contiguous" to the place where the goods were consumed, nothing short of his certificate would authorize a recovery in this case. It is said in argument, that "in determining the contiguity of the magistrate, distances will not be nicely calculated." 25 Wend. 376. Suppose that position to be correct, its force, when applied to the case before us, is not perceivable. The evidence proves beyond a doubt that *Mc Connell* resided thirty, and *Stewart* at least four hundred and eighty, rods from the place of the fire. It therefore required no nice calculation to determine who was the magistrate "most contiguous." If, in relation to that point, there was any conflict of evidence, the verdict might be regarded as conclusive; but the proof that *Mc Connell* was the nearest magistrate and fully qualified to act under the condition, is too clear to admit of controversy.

*Leadbetter* v. *The Etna Insurance Company,* 13 Maine 265, was on a policy against fire. It was one of the conditions annexed to the policy, that, in case of loss, the assured should procure from a magistrate or notary public most contiguous to the place of the fire, not concerned in interest or related to the insured, a certificate like that required in the policy under consideration. After a destruction of the property insured by fire, the assured applied to the nearest magistrate, who refused to give the required certificate, and then applied to the next nearest, who gave one which was produced to the defendant. It was held that the certificate of the nearest magistrate was a condition precedent to the plaintiff's right to recover. This authority is in point, and is fully sustained by various adjudicated cases. 6 Munford and East 710.—7 Cowen 462.— 2 Peters 25.

We are of opinion that, in the case at bar, the company was not held to pay, unless the specified certificate had been obtained by the assured from the nearest magistrate. This has not been done, and the judgment must therefore be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Morrison* and *S. Major,* for the plaintiffs.

*W. J. Peaslee* and *M. M. Ray,* for the defendant.