Byrne *v.* The Rising Sun Insurance Co.

## BYRNE *v.* THE RISING SUN ISURANCE CO.

WAIVER.—In an action upon a policy of insurance, one of the conditions of which requires the assured to procure a certificate of the

nearest magistrate or notary public, of the loss, &c., and it appears that a proper certificate of such an officer was delivered to the agent of the company, in *March*, and that another such officer resided nearer to the scene of the fire, than the one who made the certificate, but the agent made no objection to the certificate on that account, at the time it was delivered to him, nor at any time thereafter, until the trial of this action, in the following *October*, and it was then shown on such trial, that there was a promise to pay the loss by the agent, it should be held that the company had waived the defect, if any, in said certificate.

APPEAL from the *Floyd* Circuit Court.

HANNA, J.—The appellee insured the appellant upon his interest, as a mortgagee in certain premises, which were afterwards injured by fire, occurring on the 23d day of *January*, 1860; and of which the appellee was notified on the 14th of *March*, 1860; on the 22d day of said month a statement, by said plaintiff, of said accident and loss, an affidavit of a witness, and a certificate of a notary public in reference to the same, were delivered to said appellee. This suit was brought on the 26th day of *September*, of the same year. The evidence is in the record.

There is a clause in the conditions annexed to the policy, as follows: " They shall also procure a certificate, under the hand of a magistrate or notary public, (most contiguous to the place of fire, and not concerned in the loss, or related to the insured or sufferers,) that they have made due inquiry into the cause and origin of the fire, and also the value of the property destroyed, and are acquainted with the character and circumstances of the person or persons insured; and do know, or verily believe, really, and by misfortune and without fraud, or evil practice, hath sustained by said fire loss and damage to the amount therein mentioned."

The property was situate in the city of *New Albany*, and it was in proof that there was a notary public about one square

Byrne *v.* The Rising Sun Insurance Co.

nearer the property injured than the one who gave the certificate. There was no evidence that the certificate and other proofs of the loss furnished was objected, or in any manner excepted to, by said company after its reception until the day of trial.

The answer was, first, a denial; second, a partial payment of the mortgage debt, and that the premises, notwithstanding the loss, were still amply sufficient to pay the balance. Demurrer overruled to said second paragraph. Trial by the court, and judgment for defendant upon a special finding, as follows:

"Upon a demurrer to the plea, the authorities being conflicting, I sustain the plea, on the faith of 17 Penn. 240, 16 Wend. 385, and 16 Peters 495. The only question is, is that plea sustained by the proof? I think it is not. But there is another point in the case; the policy was upon conditions. By one of those conditions, the insured was required, in case of loss, to procure a certificate under the hand of a magistrate, or notary public, most contiguous to the place of the fire, &c., and until the production of such certificate, the loss was not to be deemed payable. The case in 5th Ind. 417, shows that such a certificate is a condition precedent to the right to recover. Undoubtedly such a condition might be waived, but the testimony taken together, leaves it uncertain whether there was an express promise to pay the loss, or simply a statement that the agent would be ready to settle the loss when he came, &c. I therefore find for the defendant."

It is thus apparent that the finding and judgment were based upon the supposed non-fulfillment of that which was regarded as a condition precedent.

The authorities are somewhat conflicting as to the literal fulfillment of such a condition being necessary to the right to recover. See *U. States* v. *Kochersperger, January* No. L. Reg. 1861, p. 145; *Turby* v. *N. American Ins. Co.*, 25 Wend.

374; *Protection Ins. Co.* v. *Pherson,* 5 Ind. 417 and authorities cited. And we shall not stop to carefully consider whether the circumstances of this case bring it within the one or the other class of cases cited; because there is another point upon which it will have to be reversed.

Even viewing the undertaking to furnish the certificate of the nearest magistrate, &c., as a condition precedent, the authorities show that it could be waived. *Peoria, &c.* v. *Lewis,* 18 Ill. R. 553; *Columbia Ins. Co.* v. *Lawrence,* 10 Peters, U. S. R. 507. The fact of the failure of the company to apprise the insured of the supposed defect, for such a length of time and until the trial, coupled with the positive evidence of one witness, that there was a promise to pay by the agent; made out, in our opinion, such a case of waiver, as is not shaken by the hesitating evidence of said agent as to whether his promise was that they would *pay* or would *adjust* the claim.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further trial.

*Thomas L. Smith* and *M. C. Kerr,* for the appellant.
*George V. Howk* and *R. M. Weir,* for the appellee.