## JAMES JOHNSON *vs.* PHŒNIX INSURANCE COMPANY.

Where a policy of insurance provides that a loss shall not be payable until the assured pro-
duces the certificate of a magistrate to certain required facts, the production of such cer-
tificate, unless the company have themselves prevented the obtaining it or waived its
want, is a condition precedent to the right to sue.

CONTRACT on a policy of insurance on a house against fire.
Trial before *Morton,* J. The policy required the assured to " pro-
duce a certificate, under the hand and seal of a magistrate, notary
public or commissioner of deeds (nearest to the place of the fire
not concerned in the loss as a creditor or otherwise, nor related to
the assured) stating that he has examined the circumstances at-
tending the loss, knows the character and circumstances of the
assured, and verily believes that the assured has without fraud
sustained loss on the property insured, to the amount which such
magistrate, notary public or commissioner of deeds shall certify ; "
and provided that until such certificate was produced, the loss
should not be payable. At the close of the evidence it was con-
ceded by both parties that the plaintiff did not furnish the certifi-
cate of a magistrate, notary public or commissioner, as required in
the policy; and that before the suit was brought the plaintiff ap-
plied to two magistrates for such a certificate, but did not get one,
and thereupon did not furnish any certificate.

The defendant's counsel requested the presiding judge to rule
that, if no certificate was furnished, the plaintiff could not main-
tain his action, unless the company had waived the right to a
certificate ; and that there was no sufficient evidence to warrant
the jury in finding that the company had waived its right to such
a certificate. The presiding judge granted the second prayer,
that there was no evidence of a waiver, and refused the first ; to
which refusal exception was taken by the defendant.

The presiding judge ruled, for the purposes of the trial, that if
the plaintiff, in good faith, applied to the proper magistrate for
such a certificate, with a real desire to get one, and the magistrate
refused, this excused the plaintiff from furnishing such a certifi-
cate, and the plaintiff could then maintain the action without

having furnished a certificate ; to which ruling the defendant excepted. The verdict was for the plaintiff, and the defendant alleged exceptions.

*W. A. Field*, for the defendant.

*S. B. Ives, Jr.*, (*I. D. Van Duzee* with him,) for the plaintiff.

GRAY, J. The position of the defendant in this case is sustained by a uniform current of authorities, beginning with a series of decisions made upon full argument in England soon after policies of fire insurance first came into common use.

The earliest case in the reports was decided in 1785. The condition of the policy there sued on required the assured to " procure a certificate, under the hands of the minister and churchwardens, together with some other reputable inhabitants of the parish not concerned in such loss," to substantially the same facts as are specified in the conditions now before us, and provided that until such certificate should be made and produced, the loss money should not be payable. The declaration, besides averring compliance with the condition in other respects, alleged that the minister of the parish, at the time of the loss and long before, resided at a distance from and out of the parish, and was wholly unacquainted with the character and circumstances of the assured, and wholly unable to make such a certificate as the policy required. After verdict for the plaintiff, judgment was arrested by the Court of Common Bench, on the ground that the stipulation to produce the specified certificate was a condition precedent to the right to sue upon the policy. *Oldman v. Bewicke*, 2 H. Bl. 577, note.

In 1789, in an action on a policy containing the same words, the declaration alleged that the assured applied to the minister and churchwardens and to many respectable inhabitants for the certificate required, but that the defendants, by false insinuations and promises of indemnity, prevailed upon them to refuse to sign it. The defendants pleaded that they did not do so, and that the plaintiff had not procured the certificate required by the policy. The plaintiff demurred to the plea. After an able argument in support of the demurrer, the same court, stopping the opposing counsel, " said the matter was too clear to admit of a

doubt, and accordingly gave judgment for the defendants." *Rout ledge* v. *Burrell*, 1 H. Bl. 254.

In another case, in 1795, in which the clause in question dif·fered only in omitting to declare that the loss should not be paid till the certificate was produced; and the declaration alleged, and the jury found, that the minister and churchwardens refused to sign a certificate wrongly and unjustly, and without any reasonable or probable cause; the Court of Common Bench, (a majority of the members of which had been changed since the decision last mentioned,) being divided in opinion, gave judgment *pro forma* for the plaintiff, in order that a writ of error might be brought. *Wood* v. *Worsley*, 2 H. Bl. 574. And that judgment was unanimously reversed in the King's Bench, after thorough discussion at the bar and by all the judges. *Worsley* v. *Wood*, 6 T. R. 710. The reasons for the decision were, in brief, that the insurers, in order to protect themselves against fraud, had the right to say, and by the terms of the policy had said, that they would pay no loss except upon the certificate of the persons specified; and that the assured, by accepting the policy, assented to the condition, and came within the rule by which one who engages for the act of a stranger must procure the act to be done, and the refusal of the stranger, without the interference of the other party, is no excuse.

In a case in the Privy Council in 1829, upon an appeal from Canada, these cases were considered to have settled the law upon the subject. *Scott* v. *Phœnix Ins. Co.* Stuart, 354. And it was admitted at the argument of the present case that they have never been denied or doubted in England. See also *Mason* v. *Harvey*, 8 Exch. 819; *Langel* v. *Mutual Ins. Co.* 17 Upper Canada Q. B. 524.

The American decisions upon the question are to the same effect. The Supreme Court of the United States has held that where a policy provided that until the production of a certificate of a magistrate or notary of the town or county in which the fire happened, to the same facts which are specified in the condition now before us, the loss should not be payable; and the assured obtained a certificate from such a magistrate, which did not fully comply with the requirements of the condition; no action could

be maintained upon the policy, unless the want of a certificate in the requisite form had been waived by the defendant. *Columbian Ins. Co.* v. *Lawrence*, 2 Pet. 25, and 10 Pet. 507. The courts of several states have held a stipulation like. that in the present case, requiring a certificate from the nearest magistrate, to be a condition precedent, which must be complied with according to its terms before an action can be brought upon the policy. *Leadbetter* v. *Ætna Ins. Co.* 13 Maine, 265. *Inman* v. *Western Ins. Co.* 12 Wend. 452, 456 *& seq. Ætna Ins. Co.* v. *Tyler*, 16 Wend. 385, 391, 401. *Turley* v. *North American Ins. Co.* 25 Wend. 374. *Roumage* v. *Mechanics' Ins. Co.* 1 Green (N. J.), 110. *Protection Ins. Co.* v. *Pherson*, 5 Ind. 417. *Noonan* v. *Hartford Ins. Co.* 21 Missouri, 81. *Cornell* v. *Hope Ins. Co.* 3 Martin (N. S.) 223.

The exact question has never been decided in this Commonwealth. But it has been held by this court that compliance with the condition as to proof of loss in other respects is essential, unless waived by the insurers, and that an error in the statement cannot be cured by evidence at the trial. *Wellcome* v. *People's Ins. Co.* 2 Gray, 480. *Shawmut Sugar Refining Co.* v. *People's Ins. Co.* 12 Gray, 535. *Campbell* v. *Charter Oak Ins. Co.* 10 Allen, 213. And in the last case, the court referred to *Worsley* v. *Wood*, above cited, as laying down the true rule.

At the trial of the present case, it was admitted that the plaintiff did not furnish the certificate required by the policy, and there was no evidence that the defendant did anything to prevent his getting a certificate or to waive the want of one. His application in good faith to the proper magistrate for the requisite certificate could not enable him to maintain the action; for the condition precedent to his right to sue was not that he should use his best efforts to procure, but that he should procure, the certificate. He has not therefore proved the case upon which the defendant promised to indemnify him.

*Exceptions sustained.*