CHARLES S. DANIELS vs. THE EQUITABLE FIRE INSURANCE COMPANY.

A policy of fire insurance provided that in case of loss the insured should produce a certificate under the hand and seal of a magistrate, stating that he knew the character and circumstances of the assured, had inquired into the facts, and believed that the assured had, without fraud, sustained loss on the property insured, to the amount stated in the certificate. Held that the furnishing of such a certificate was not waived by the insurance company by its agent having received the proofs of the loss and having made no objection to them on the ground of the omission of the certificate; it not appearing that the agent was such for any such purpose, nor that he did more than transmit the proofs to the company.

Nor by the fact that the company objected to payment for the loss on other grounds.

Nor by the fact that the proofs had been in the hands of the company for two years, and that they had not called the attention of the assured to the want of the certificate.

The policy provided that if the insured premises should be so occupied or used as to increase the risk without the assent of the company, the policy should become void. The policy allowed the insured to use naphtha in his

business, but with no fire or lights in the building except a small stove in the office. The assured, without the consent of the company, placed a stove in a room called the finishing room, in which there was frequently a large quantity of inflammable naphtha gas. Held that this was an increase of the risk which avoided the policy.

ASSUMPSIT on a policy of fire insurance; brought to the City Court of the city of Hartford, and, by appeal of the defendants, to the Superior Court for Hartford County, and in that court tried to the jury before *Beardsley, J.* The plaintiff's evidence being in, the defendants moved for a nonsuit, which the court granted. The plaintiff moved to set the nonsuit aside, which motion the court denied, and the plaintiff brought the record before this court by a motion in error. The case is sufficiently stated in the opinion.

*G. G. Sill*, with whom was *G. Case*, for the plaintiff.

*C. E. Perkins*, for the defendants.

CARPENTER, J. The policy provides that in case of loss the insured "shall produce a certificate under the hand and seal of a magistrate or notary public, (nearest to the place of the fire and not concerned in the loss as a creditor or otherwise, nor related to the assured,) stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property insured to the amount which such magistrate or notary public shall certify."

The proofs of loss contain no such certificate, and no such certificate was ever in fact procured and furnished to the defendant. That omission of itself justifies the nonsuit unless the plaintiff is right in his claim that there was a waiver. In support of that claim the plaintiff calls attention to these circumstances: 1st, that proofs were made out and given to Chapman, the agent of the company, and that no objection was made on account of the omission; 2d, that the defendant refused to pay on other grounds;

and 3d, that the defendant had the proofs in its possession for nearly two years and carefully concealed from Bray, the insured, the absence of such a certificate.

In regard to these:—*First.* There is no evidence that Chapman knew of the omission; it does not appear that he did anything more than to transmit the proofs to the company; and if he did know, there was no evidence that he was agent for any such purpose, or that he was in any way authorized to waive the production of such a certificate. *Second.* It does not appear on what grounds the company refused to pay. It is consistent with all the facts proved that the company refused to pay for the reason that no such certificate was produced. *Third.* It does not appear that the company concealed anything from Bray. Moreover the production of the certificate was a condition precedent to the plaintiff's right to recover. He knew that such a certificate was required and that it had not been furnished.

These circumstances therefore, singly or collectively, do not furnish *primâ facie* evidence of a waiver.

The policy provides, among other things, that "if the above mentioned premises shall be occupied or used so as increase the risk, * * or the risk be increased by the erection or occupation of neighboring buildings, or by any means whatever within the control of the assured without the assent of this company indorsed hereon, * * then and in every such case this policy shall be void."

The same clause in the policy also prohibits the use of naphtha; but another clause provides in writing that "the assured has permission to use naphtha in his business, but fire or lights are not permitted in the building, except a small stove in office."

The evidence discloses that some time after the policy issued, an eighteen inch cylinder stove was placed and used in the finishing room in the building, in which there was usually or frequently a large quantity of inflammable naph tha gas. No argument is required to show that such a use of the building increased the risk.

Upon the plaintiff's own showing, therefore, he wholly

failed to produce an essential piece of evidence, and did prove, affirmatively, a fact which conclusively defeats his right to recover; there being no proof that the company assented to it as the contract requires.

There is no error.

In this opinion the other judges concurred.