(Opinion published 52 N. W. Rep. 648.)

---

FREEMAN P. LANE *vs.* ST. PAUL FIRE & MARINE INS. CO.

Argued by appellant. Submitted on brief by respondent, June 2, 1892. Decided June 22, 1892.

**Insurance—Certificate of Nearest Magistrate.**

The Minnesota standard fire insurance policy, adopted by the insurance commissioner pursuant to Laws 1889, ch. 217, contains a provision that the insured "shall, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of the fire, stating that he has examined the circumstances, and believes the insured has honestly sustained loss to the amount such magistrate or notary public shall certify." Also that "no suit or action on the policy for the recovery of any claim shall be sustained in any court of law or equity until after full compliance by the insured with all the foregoing requirements." *Held*, that the furnishing of this certificate, if required, is a condition precedent to the right of the insured to recover, and that his inability to fur-

nish it because of the refusal of the magistrate or notary public, for any cause whatever, to give it, will not relieve or excuse him from performance of the condition.

Appeal by defendant, St. Paul Fire & Marine Insurance Company, from an order of the District Court of Hennepin County, *Pond*, J., made December 7, 1891, overruling its demurrer to the reply.

One Joe Ghinsburg, owned on December 29, 1890, a stock of merchandise at Atwater in Kandiyohi county, of the value of $3,200, on which the defendant issued to him its policy of insurance against loss by fire to the amount of $1,500 for six months. On January 15, 1891, the merchandise was totally destroyed by fire. He made and served proofs of loss, but did not procure or furnish the certificate of the nearest magistrate or notary that he had examined the circumstances and believed the assured had honestly sustained the loss. The policy was in the form prescribed by the Insurance Commissioner and known as Minnesota Standard Fire Policy. Ghinsburg had other insurance to the amount of $1,000 on the property. He afterwards assigned his right and claim under this policy to the plaintiff, Freeman P. Lane.

*Kueffner & Fauntleroy*, for appellant.

*Freeman P. Lane, pro se.*

MITCHELL, J.   The policy sued on contained a provision that the insured "shall, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances, and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify."

It also provided that "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements."

The complaint alleged that the insured had fully complied with all the terms and provisions of the policy in such case made and provided.

Defendant, in its answer, denied that the insured had complied with the terms and provisions of the policy, and alleged that after the fire it duly requested and demanded of the insured to furnish the certificate required by the policy, but that he had failed and refused to do so.   The answer also set up the further defenses that the loss was caused by the fraudulent and incendiary act of the insured himself; also that he had made and served on the company false and fraudulent proofs of loss.

To the first defense the plaintiff replied, admitting that the certificate referred to had been demanded, and that it had not been furnished, but by way of excuse for not furnishing it alleged, in substance, that he had made every reasonable effort to procure it, but was unable to do so for the reason that the magistrates and notaries living nearest the place of fire, because of an unjust, unreasonable, unwarranted, and groundless prejudice on their part and on part of the inhabitants of that vicinity, refused to make or furnish any such certificate, and that because of such unreasonable and unfounded prejudice it had been and was impossible to secure any such certificate.

To this reply the defendant demurred, and from an order overruling the demurrer the defendant appeals.

We shall pass over the fact that the reply was clearly a departure from the complaint, and consider the case upon the merits.

Provisions similar to this are as old as fire insurance policies themselves, and the doctrine has been established by a uniform current of authorities in England and this country, beginning with *Oldman* v. *Bewicke*, 2 H. Bl. 577, and *Routledge* v. *Burrell*, 1 H. Bl. 254, that the production of such certificate, unless the insurance company itself has prevented the obtaining it, or waived its want, is a condition precedent to the right of the insured to recover; that the assured, by accepting the policy, assents to the condition; that it is one which the company has a right to impose, and for which it is not bound to accept any substitute; that the inability of the insured to furnish it because of the refusal of the magistrate or notary, for any cause whatever, to give it, will not relieve him from the performance of the condition; that the case comes within the

rule by which one who engages for the act of a stranger must procure the act to be done, and the refusal of the stranger without the interference of the other party is no excuse. The inability of the insured to procure the certificate because of such refusal does not render the condition impossible in the legal sense, so as to excuse the party from performing his contract. The cases on the subject will be found cited in any text-book on fire insurance, but among a few of the leading ones are *Worsley* v. *Wood*, 6 Term. R. 710; *Columbian Ins. Co.* v. *Lawrence*, 2 Pet. 25, 10 Pet. 507; *Roumage* v. *Mechanics' Fire Ins. Co.*, 13 N. J. Law, 110; *Leadbetter* v. *Ætna Ins. Co.*, 13 Me. 265; *Johnson* v. *Phœnix Ins. Co.*, 112 Mass. 49.

We are not aware of a single authority to the contrary, except a suggestion, in *Ætna Ins. Co.* v. *Miers*, 5 Sneed, 139, that such a condition is directory only, and a *dictum*, in *Universal Fire Ins. Co.* v. *Block*, 109 Pa. St. 535, (1 Atl. Rep. 523,) repeated in *Davis Shoe Co.* v. *Kittanning Ins. Co.*, 138 Pa. St. 73, (20 Atl. Rep. 838,) that such conditions are void for the reason that an insurance company has no right to require a public officer to act in the adjustment of losses. But this was expressly overruled by the same court in *Kelly* v. *Sun Fire Office*, 141 Pa. St. 10, (21 Atl. Rep. 447.) While the doctrine that such stipulations are valid and constitute a condition precedent to the insured's right to recover is unquestionably sound in principle, yet, as they often operate harshly in practice, they have, in some states, been expressly or impliedly prohibited by statutes regulating the form of policies. See *Shannon* v. *Hastings Mut. Ins. Co.*, 2 Ont. App. 81; *Aurora Fire Ins. Co.* v. *Johnson*, 46 Ind. 315. But there is no room in this state for holding such conditions void or unreasonable, for they have been incorporated into the Minnesota standard policy by the insurance commissioner, under the authority vested in him by Laws 1889, ch. 217, by the provisions of which all fire insurance policies are required to conform to the form prepared by him, and any other or different form is prohibited.

A second reason assigned by the trial court for overruling the demurrer was that the nature of the other defenses set up in the answer shows that the furnishing of the certificate would not have tended in any degree to influence the defendant's conduct; that it was evident

from the nature of these defenses that it would still have resisted payment of the loss, and therefore the defendant must be held to have waived compliance with this condition; and in support of his position the learned judge cites those cases in which we have held that a demand for property, before suit, was waived by defendant's setting up title in himself, or some other defense on the merits which showed that a demand would have been unavailing. The cases are not at all in point. In the first place, it cannot be assumed that the certificate, if furnished, would not have influenced the conduct of the defendant. The fact that the nearest magistrate or notary refused to certify that in his opinion the loss was an honest one might have been the very cause that induced the defendant to set up the defenses that the fire was incendiary, and that the proofs of loss were false.

But chiefly, the furnishing of this certificate was by the contract of the parties a condition precedent to plaintiff's right to sue, and consequently the failure to furnish it a defense to this action. A party has a right to set up as many defenses (if not inconsistent) as he has, and the setting up one defense cannot be construed as a waiver of another.

It was also urged on the argument that the retention, without objection by the defendant, of the "proofs of loss" furnished by plaintiff, amounted to a waiver of the certificate. But these proofs were in performance of a condition in the policy entirely distinct from and independent of that requiring the certificate, and the acceptance of the "proofs of loss" as compliance with the one condition cannot be construed as amounting to a waiver of compliance with the other.

Order reversed.

(Opinion published 52 N. W. Rep. 649.)