Filed May 14, 1896.

---

No. 1,672.

## PRUDENTIAL INSURANCE CO. v. MEYERS.

CONTRACT.— *Recovery.*— *Condition Precedent.* — *Insurance Agent.*— Where a contract between an insurance company and its agent provided that suit should not be instituted in relation to the employment as agent, until ten days after service of notice on the president or secretary of the company, of a written statement of particulars and amount of any claim against the company, nor after six months from the date of the official transfer of the busi-

ness obtained by the agent for the company, it is a condition precedent to recovery, and must be substantially complied with before suit is instituted.

From the Vanderburgh Superior Court.

*J. E. Williamson*, for appellant.

*W. F. Parrett* and *W. Blakey*, for appellee.

REINHARD, J.—The appellee was employed by the appellant, as an agent to solicit life insurance. This action was brought by appellee, before a justice of the peace, to recover what is denominated special salary. In the justice's court the appellee recovered $68.17. The cause was appealed to the superior court, where a jury trial was had, and a verdict returned for $53.17, for which judgment was rendered.

The contract declared upon provides that the agent shall receive, as his salary, 15 per cent. of the amount of the collections each week, and a "special salary of fifteen times the net increase of his collectible weekly debit." The contract further provides that the agent shall not be entitled to any special salary until all the conditions and agreements contained in the contract have been fully complied with.

One of the conditions of the contract is that "no suit at law or in equity, relating to my (the agent's) employment as agent, shall be maintainable until ten days shall have expired after service on the president or secretary of the company, of a written statement of particulars and amount of my claim against the company, nor after six months from the date of the official transfer of the business obtained by me for the company, any statute to the contrary notwithstanding."

This is a condition precedent to recovery, and must be substantially complied with before suit is insti-

tuted. *Protection Ins. Co.* v. *Pherson*, 5 Ind. 417; *Byrne* v. *Rising Sun Ins. Co.*, 20 Ind. 103; *Peoria, etc., Ins. Co.* v. *Walser*, 22 Ind. 73 (84); *Home Ins. Co.* v. *Duke*, 43 Ind. 418 (422); *Johnson* v. *Pœnix Ins. Co.*, 112 Mass. 49 (52); Bliss Insurance, section 257; May Insurance, section 466.

The case of *Better* v. *Prudential Ins. Co.*, 11 N. Y. Supp. 70, is precisely in point. It was there held that where such a condition was contained in the contract, in the absence of fraud, it was a reasonable condition, and must be complied with before suit could be maintained.

The case before us, it is not alleged, in the complaint, that the appellant's president or secretary had been served with such a statement of particulars and amount of appellee's claim, as the contract requires. The insufficiency of the complaint is assigned as error. But, as the cause originated before a justice of the peace, it may not have been necessary to plead the performance of the condition, or, in a general way, the performance of all conditions, as required in cases originating in the circuit or superior court. As to that, however, we decide nothing, as the complaint may be amended, on a future trial, so as to conform to this requirement if necessary.

We are asked to reverse the judgment on account of the insufficiency of the evidence. It is insisted that there is a failure of proof upon the subject of the service of a statement of particulars and amount of appellee's claim against appellant, upon the president or secretary of the company.

We are constrained to hold that there is a total lack of evidence that any itemized statement, of the nature of that required, was ever served upon, or mailed to the officers named, or either of them, or the home office of the company. There is some testimony of such

a statement having been prepared, but it is not shown by any legitimate evidence that it was forwarded to the company or the officers, within the required time.

The evidence, therefore, fails upon a material point, and the appellant was entitled to a new trial.

It is also very questionable whether, under the undisputed evidence, the appellee was entitled to recover anything, conceding that the condition referred to had been complied with. But as there must be a new trial, in any event, we need not go into the evidence further.

Judgment reversed.

Filed May 15, 1896.