DECIDED APRIL 13, 1921.

Indictment for murder — conviction of manslaughter; from Rockdale superior court — Judge Hutcheson. January 24, 1921.

J. H. McCalla, C. R. Vaughan, King & Johnson, for plaintiff in error. A. M. Brand, solicitor-general, contra.

---

## 11250. THORNTON v. GERMANIA FIRE INSURANCE CO.

Where a policy of fire insurance contains the provision that " no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements," and where one of the "foregoing requirements" is the following provision in the policy: " if fire occurs the insured . . . shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify," and where the insurer requires the furnishing of the certificate referred to, the certificate must be furnished before a suit upon the policy can be maintained. And this is true although the failure to furnish the certificate may be caused solely by

refusal of the magistrate or notary public in question to give it, unless it should appear that the insurer did something to prevent the insured from obtaining it.

DECIDED APRIL 14, 1921.

Action on insurance policy; from city court of Sylvester — Judge Monk. January 13, 1920.

See *Thornton* v. *Germania Fire Insurance Co.*, 151 *Ga.* 312 (106 S. E. 264).

Mrs. Mary E. Thornton, doing business in the name of Bridge-boro Mercantile Company, brought suit against the Germania Fire Insurance Company upon a policy of fire insurance. The policy contained a provision that "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements," and one of the " foregoing requirements " was the following provision in the policy: " If fire occurs the insured . . . shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify." The plaintiff, by amendment to her petition, admitted that she had not furnished the above-mentioned certificate, but contended that her failure to do so should not operate to defeat her recovery, for the following reasons: (a) " The defendant herein did not require of the plaintiff the furnishing of such certificate of such magistrate or notary public as a part of the proof of loss and as a condition precedent to the making of settlement or to the right of the plaintiff to bring suit upon the policy herein sued upon." (b) " The magistrate or notary public not interested in the claim as a creditor or otherwise nor related to the insured, living nearest the place of fire, was ———— Sheppard, and he, the said Sheppard, declined and refused to make any statement or to furnish any certificate stating that he had examined the circumstances and believed the insured had honestly sustained loss to the amount claimed by her or to any amount to be stated by such magistrate, for the reason, as given by him, that he had not seen the plaintiff's property that was so destroyed by fire as above set forth, that he knew no facts upon

which he could base an opinion to be expressed in such certificate, and therefore declined to make any statement whatever concerning the same, though requested so to do by the plaintiff herein for the purpose of furnishing said certificate to the defendant herein, though same had not been demanded or required of the plaintiff." (c) " Plaintiff further says that if she had been by the defendant herein required to furnish the certificate . . . , that for the reasons above set forth, it would have been impossible for her to have complied with such requirements or demand, and, therefore, it being impossible to furnish said certificate, the said condition of said policy is not binding upon her and should not operate to defeat her right to proceed herein by suit or otherwise." (e) " There was a waiver on the part of the defendant to demand the furnishing of a certificate . . . , in that the defendant did by letter of the 15th day of September, 1917, invite of plaintiff a proposition for the settlement of the said claim of plaintiff as per copy thereto attached;" the letter referred to being as follows:

" Atlanta, Ga., Sept. 15th-17.

" E. E. Cox, Esq., Att'y at law, Camilla, Ga.

" In re loss, Pol. No. 5118 — Germania Fire Insurance Co.— Bridgeboro Mercantile Company,—Mrs. Mary E. Thornton, owner.

" Dear Sir :—Acknowledging receipt of your favor of the 8th inst. in re to this claim, I have to advise that an examination of the books of record, such as they are, of the assured, developed violations of the iron-safe clause, that I believe would hold good before any fair-minded jury. The records are in such shape that it was impossible to make up a statement that would show that they had anything like the stock claimed; furthermore, I believe you can establish this fact in other ways. In view of the circumstances cited above, and other conditions that would tend to void the policy, without waiving any of our rights, but with particular reference to the terms and conditions of the non-waiver agreement signed by the assured, if she see fit to submit a reasonable offer in compromise, based upon a sum much less than the face of the policy, I will submit same to the company for their consideration, and I remain

[Signed] " H. M. Melone, Jr., Adjuster."

The defendant demurred orally to paragraph b of the amendment to the petition and moved the court to strike it, on the ground

that it was irrelevant and immaterial and afforded no valid excuse for the plaintiff's failure to furnish the required certificate. The defendant demurred orally to paragraph *e* of the amendment and moved the court to strike it, on the ground that the allegations therein as to a waiver were mere conclusions of the pleader, and that the evidence set forth (the letter attached thereto) did not show a waiver. The court sustained these demurrers and struck both paragraphs; and the plaintiff excepted pendente lite. At the return term of the court the defendant filed a special plea in abatement, upon the ground that the suit was prematurely brought, because the insured had not complied with all the conditions of the policy sued upon, in that she had not furnished the insurer with the certificate of the magistrate (above referred to) as provided in the policy, and which was required by the insurer in this case. The issues raised by this plea in abatement were submitted to the judge, who. under an agreement by both parties, passed on all questions both of law and fact, and who found in favor of the plea and entered judgment in accordance therewith. The plaintiff's motion for a new trial was overruled, and to that judgment she excepted.

*G. R. Nottingham, E. E. Cox,* for plaintiff.

*Passmore & Forehand, King & Spalding,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) Whether the court erred in striking paragraph *b* of the amendment to the petition is the controlling question in the case; and, in view of the fact that this question is one of first impression in Georgia, and for that reason was by this court certified to the Supreme Court, and by that court returned to this court without instructions, the Justices being equally divided in opinion on the question, we think it advisable to discuss this subject at some length.

While neither appellate court in this State has ever passed upon the question whether a compliance with such a provision in a policy of fire insurance as the one under consideration is a condition precedent to the right to sue, we find that it has frequently been passed on by other courts of last resort, beginning with a series of English decisions rendered nearly a century and a half ago and shortly after policies of fire insurance first came into general use. As early as 1785 we find a case of Oldman *v.* Bewicke, cited in a note in 2 H. Bl. 577, construing a provision of an insurance policy

which required the insured to " procure a certificate, under the hands of the minister and churchwardens, together with some other reputable inhabitants of the parish not concerned in such loss," to substantially the same facts, in effect, as are specified in the provision in the instant case, and it was there held that a compliance with such a provision was a valid condition precedent to the right to sue. This decision was four years later adhered to in the case of Routledge *v.* Burrell, 1 H. Bl. 254. The question was again presented and adjudicated in accordance with the above cases in Worsley *v.* Wood, 6 Term Rep. 710, where Lord Kenyon, delivering the opinion of the court, declared the reasons for the decision to be, that the insurer, in order to protect himself against fraud, had the right to say, and by the terms of the policy had said, that he would pay no loss except upon the certificate of the person specified; that the insured, by accepting the policy, assented to this condition, and came within the rule by which one who engages for the act of a stranger must procure the act to be done, and the refusal of the stranger, without the interference of the other party, is no excuse. See also, to the same effect, Scott *v.* Phœnix Ins. Co., Stuart, 354; Mason *v.* Harvey, 8 Exch. 819; Langel *v.* Mutual Ins. Co., 17 Upper Canada, Q. B. 524.

The American decisions upon this subject are predicated upon the English rule above stated, and are practically uniform in holding that, where a policy of insurance provides that a loss shall not be payable until the insured produces a certificate of a magistrate or notary, or other officer, to certain required facts, the production of such certificate is, unless waived by the company, a condition precedent to the right to sue. See Central City Ins. Co. *v.* Oates, 86 Ala. 558 (6 South. 83, 11 Am. St. Rep. 67) ; Leigh *v.* Springfield &c. Ins. Co., 37 Mo. App. 542; Edgerly *v.* Farmers' Ins. Co., 43 Iowa, 587; Roumage *v.* Mechanics' Fire Ins. Co., 13 N. J. L. 110; Nooman *v.* Hartford Fire Ins. Co., 21 Mo. 81; Leadbetter *v.* Ætna Ins. Co., 13 Me. 265 (29 Am. Dec. 505); Daniels *v.* Equitable Fire Ins. Co., 50 Conn. 551. These cases not only hold that a strict compliance with the condition is essential to a recovery, but expressly declare, as is contended by the insurer in the instant case, *that the refusal of the nearest magistrate, notary, or other officer, to make and execute the required certificate will not excuse performance on the part of the insured.* In

42

Johnson *v.* Phœnix Ins. Co., 112 Mass. 52 (17 Am. R. 65), the court said : " At the trial of the present case, it was admitted that the plaintiff did not furnish the certificate required by the policy, and there was no evidence that the defendant did anything to prevent his getting a certificate, or to waive the want of one.   His application in good faith to the proper magistrate for the requisite certificate could not enable him to maintain the action; for the condition precedent to the right to sue was, not that he should use his best efforts to procure, but that he should procure, the certificate.   He has not, therefore, proved the case upon which the defendant promised to indemnify him."   To the same effect see Lane *v.* St. Paul Fire & Marine Ins. Co., 50 Minn. 227 (52 N. W. 649, 17 L. R. A. 197), where the court, in passing upon a provision identical with the one under review, held, " that the furnishing of this certificate, if required, is a condition precedent to the right of the insured to recover, and that his inability to furnish it because of the refusal of the magistrate or notary public, for any cause whatever, to give it, will not relieve or excuse him from performance of the condition."   In addition to the above cases see also the following decisions where this doctrine is affirmed.   Ætna Ins. Co. *v.* People's Bank of Greenville, 62 Fed. 222 (10 C. C. A. 342) ; Gilligan *v.* Commercial Fire Ins., 87 N. Y. 626; Commonwealth Ins. Co. *v.* Sennett, 41 Pa. St. 161; Mueller *v.* South Side Fire Ins. Co., 87 Pa. St. 399; Kelly *v.* Sun Fire Office, 141 Pa. 10 (21 Atl. 447, 23 Am. St. Rep. 254).   In fact, the Supreme Court of the United States, in the case of Columbia Ins. Co. *v.* Lawrence, 2 Pet. 25 (7 L. ed. 335), speaking through Chief Justice Marshall, held that where a policy required the production of a certificate from a magistrate or notary of the town or county in which the fire happened, as to certain facts (substantially the same as those in the instant case), the insured could not recover in the absence of such certificate, and that a certificate which had been furnished but which did not fully comply with the requirements of the condition of the policy, would not be accepted.   When that case came before the same court seven years later, the principle was reaffirmed by Mr. Justice Story, 10 Pet. 507 (9 L. ed. 512).

We are not now dealing with a case where the insured furnished the insurer with a certificate from a magistrate or notary public

not nearest the scene of the fire, after the "nearest" magistrate had capriciously refused to give the requisite certificate. It might be that such a state of facts would warrant a holding that the insured had sufficiently complied with the provision of the policy requiring him to furnish a certificate from the "nearest" magistrate or notary public. See, in this connection, Leigh v. Springfield Fire & Marine Ins. Co., 37 Mo. App. 542(4), where it was held that "The fact that the policy requires a certificate of the nearest justice of the peace as a part of the proofs, and that the nearest justice refuses to give the requisite certificate, does not dispense with the necessity for proofs of loss; but, semble, the capricious refusal of the justice to give the certificate would not prevent a recovery if the requirement for proofs were otherwise complied with, and the certificate of another justice obtained." The only case cited us as being against the above overwhelming weight of authority is German-American Ins. Co. v. Norris, 100 Ky. 29 (37 S. W. 267, 66 Am. St. Rep. 324), and what the court there said upon this question was apparently obiter dictum.

It is contended, however, by counsel for the insured that however this question may have been decided in other judicatories, the provision under consideration is made inoperative and void in this State by sections 3718 and 4225 of the Civil Code of 1910. Section 3718 is as follows: "A condition repugnant to the estate granted is void; so are conditions to do impossible or illegal acts, or which in themselves are contrary to the policy of the law." Section 4225 is as follows: "Impossible, immoral, and illegal conditions are void, and are binding upon no one." In our opinion the mere reading of these code sections shows that they are not applicable to the question under consideration.

Moreover, while it is true that in some States such a provision as the one under consideration has been expressly or impliedly prohibited by statutes regulating the form of insurance policies (see Shannon v. Hastings Mutual Ins. Co., 2 Ont. App. 81; Aurora Fire Ins. Co. v. Johnson, 46 Ind. 315), in this State such a stipulation has been incorporated into the Georgia standard policy by the insurance commissioner, under the authority vested in him by the act of 1912 (Acts 1912, p. 119), section 23 of the act being as follows: "That each and every fire-insurance company doing business in this State shall adopt and write a standard or uniform

policy, such as may be prescribed by the Commissioner, and it shall be unlawful to issue any other class of policy in this State."

It follows from what has been said that the trial judge properly struck paragraph b of the amendment to the petition.

We also think the court did not err in striking paragraph e of the same amendment. The allegation in this paragraph that the defendant had waived the furnishing of the certificate was based solely upon the letter annexed thereto, and this letter was not sufficient within itself to support the allegation, especially since it contained the express statement that it was written without waiving any of the defendant's rights.

The trial judge, sitting by consent as the trior of the facts, having found upon the hearing of the defendant's special plea in abatement that the defendant had required the insured to furnish the certificate in question, this court can only inquire if there was *any* evidence to support this finding. Upon a careful review and consideration of the evidence adduced, we think that the finding was supported by some evidence. It follows that this court has no authority to reverse the decision of the lower court in overruling the motion for a new trial, which contained only the usual general grounds.

*Judgment affirmed. Bloodworth, J., concurs.*

LUKE, J., dissenting. The exact question ruled upon in this case being new in this State, and there being numerous decisions of the English and American courts in seeming harmony with the view entertained and expressed by the majority of the court, I shall give the reasons for my dissent from that view. The ruling announced by the court is based squarely upon the cases cited in the opinion. It is also true that the decisions of the American courts, which are seemingly in harmony with the English courts, are based squarely on the English cases. Even the cases cited from the Supreme Court of the United States follow, without more, the English cases. It may be said that since the rendition of the decisions cited from the Supreme Court of the United States there has been a change in the standard fire-insurance policy. Such change appears in the very policy that we have here for consideration. In England the policies of fire-insurance provided, and it was contracted as a condition precedent to a payment for loss, that the insured should furnish, as a part of the proof of loss, in

the first instance, a certificate, under the hands of the minister and church wardens, together with some other reputable inhabitants of the parish not concerned in the loss, that they had made an examination of the circumstances of the fire, and that the loss was, in their opinion, an honest loss of a definite amount. It was provided and contracted that nothing should be paid until full compliance with this requirement as to proof of loss. The English courts construed this requirement so strictly that it was held necessary to furnish the certificate from exactly the persons named and in precisely the words of the policy requirement. The first policies in America provided for a certificate from the magistrate living nearest the fire to substantially the same state of facts. Such a certificate was also, in the first instance, a part of the proof of loss, and was a certain and positive requirement. Subsequently there was another change. It was then provided that the insured should " *if required,*" furnish the certificate. While I do not say that the certificate is not, perhaps, a part of the required proof of loss, yet I do say that the requirement as to the certificate is only contingent, and such a contingent requirement that it should not be held that the insured contracted to procure the certificate if its procurement be impossible. If it were not for the fact that its procurement is only contingent, who knows but that the insured would consult with the magistrate in advance of contracting for insurance, and bind him for an opinion in case there should be a loss?

The courts in some States have not followed the English courts, or the cases cited from the Supreme Court of the United States. It has been held that if the nearest magistrate refuses to give the certificate, then the next nearest magistrate's certificate would be sufficient. Such a holding breaks away from the older precedents. Indeed, the majority opinion in this case, out of precaution, suggests that no ruling is made which is binding upon the question of furnishing the certificate from the next nearest magistrate. In one or two States there have been enacted statutes which dispense with the necessity for such a certificate. The writer thinks that in this case such a statute would be helpful. There are also cases in other States where the courts have held that the requirement, under the circumstances here, is unreasonable. It may be said, however, that the rulings in those cases were not controlling. There

are precedents from other courts, and from our own courts, by analogy, in keeping with the view that I entertain in this instance; as, for instance, in a case where a life-insurance policy provided for the certificate of the doctor who treated the deceased, and the doctor unjustly refused to give the certificate required by the policy. The court held the furnishing of the certificate in that instance unnecessary. The same ruling has been made as to contracts requiring the certificate of an architect or engineer in regard to expense of labor and material in the completion of a building. Our own Supreme Court has held, as to building contracts, whereby, before liability will ripen, the furnishing of a certificate of an architect is necessary, that if such certificate was not furnished as contracted for, a valid reason for not furnishing it would render the furnishing of it unnecessary. See *Elmore* v. *Thaggard*, 130 *Ga.* 702(3) (61 S. E. 726). Indeed, this court, in *Southern Manufacturing Co.* v. *Moss Manufacturing Co.*, 13 *Ga. App.* 861 (81 S. E. 263), cited the *Elmore* case, supra, and in effect so held.

To hold that the certificate in this case must be given by the nearest magistrate is also to hold that the certificate must be precisely in the words required by the policy. Our Supreme Court, in *Petersburg Saving & Insurance Co.* v. *Manhattan Insurance Co.*, 66 *Ga.* 446(4), held that a certificate which did not meet the requirements of the policy was sufficient.

The certificate of the magistrate cannot be used as evidence against the company for the purpose of showing that the insured has sustained an honest loss of a definite amount. There is no law whereby the insured can compel the magistrate to give a certificate. Where the insured has made a bona fide effort to get the certificate and there is an arbitrary refusal of the magistrate to give it, the insured has done all in his power. The requirement that it should be given under such circumstances ousts the jurisdiction of the courts, and leaves the insured without a remedy for the enforcement of his rights.

The certificate of the magistrate comes after the loss, and is nothing but an opinion, binding no one. I cannot agree that there should be such a strict technical construction of the requirement of the policy, under the circumstances here pleaded, as to defeat the right of the insured to litigate with the insurer the question

whether he has had an honest loss. The arbitrary refusal of the magistrate to give the certificate renders the insured unable to meet a contingent formal requirement subsequent to and not in any way connected with the loss.

When this contract was entered into, both parties must be held to have contracted that the magistrate, *if the certificate were required,* would not arbitrarily refuse to give a certificate. In the promise to furnish the certificate, there must be an implied condition that the magistrate will not arbitrarily refuse it. If there be an arbitrary refusal, the bona fide effort of the insured to obtain it may, in my opinion, as in the cases of the architect and the doctor as hereinbefore cited, be pleaded as a valid reason for not furnishing it.

The contract is not void as against public policy, nor is it unreasonable, but it becomes repugnant to a sense of justice when the magistrate arbitrarily refuses to give the certificate. In my opinion, this case should have gone to the jury; and upon the question of requiring a certificate from the magistrate the jury should have been permitted, under appropriate instructions, to determine the question whether the insured had made a bona fide effort to obtain the certificate, and there had been an arbitrary refusal of the magistrate to give it.