## 18405. MORRIS *v.* PEACHTREE HEIGHTS PARK COMPANY.

BELL, J. 1. Where in a written contract between a contractor and another as owner, the parties agreed that the contractor was to grade for the owner certain grounds and streets and was to be paid at the rate of "25 c. per cu. yd. for earth excavations, 85 c. per cu. yd. for soft rock, and $1.35 per cu. yd. for hard rock," and that the work should be done under the supervision of a named civil engineer, whose "estimates of classifications of materials shall be final and binding," the latter stipulation necessarily contemplated that, for the purpose of determining the amount of compensation to be paid for work done, the civil engineer should estimate not·only the kinds of materials removed, but also the number of cubic yards of each; and in a suit by the contractor to recover *on the contract* for the agreed price of his services, such estimates by the engineer constituted a condition precedent to the plaintiff's right to recover. *Elmore* v. *Thaggard*, 130 *Ga.* 701 (3) (61 S. E. 726); *So. Mfg. Co.* v. *Moss Mfg. Co.*,'13 *Ga. App.* 847 (3) (81 S. E. 263); *Savannah Lighting Co.* v. *Fidelity & Deposit Co. of Md.*, 21 *Ga. App.* 758 (95 S. E. 113); *Thornton* v. *Germania Fire Ins. Co.*, 26 *Ga. App.* 653 (107 S. E. 279).

2. Where, in such a case, the plaintiff alleged that the defendant was indebted to him at the contractual rate for removing a certain number of cubic yards of each kind of material, "classified according to the contract," the petition, without further averments and in the absence of demurrer, will be taken, as alleging proper estimates by the engineer named in the contract and entitling the plaintiff to recover; and where the evidence fails to show that the estimates had been made as alleged, there is a fatal variance between the allegations and the proof, and the plaintiff should be nonsuited. Civil Code (1910), § 5942.

3. The plaintiff, during the trial, amended his petition by alleging that the engineer originally named in the contract refused to make estimates "either as to amount of dirt moved or the classification," and that the defendant, through its president, then told the plaintiff "to get another engineer to check the estimates and work, and the defendant company would pay said estimates after they were so checked," and that "the figures used in this suit are the figures furnished by" another engineer procured by the plaintiff and the original engineer "representing defendant." Assuming that on proof of these additional allegations the plaintiff would have been entitled to go to the jury, yet since the amendment alleged in effect that the defendant would settle on the estimates of the outside engineer, and since in support thereof the plaintiff testified merely that the defendant's president said to him that if he was "dissatisfied with those estimates," to get his own engineer and "make the measurements," and the defendant "would take it up" with him, the plaintiff failed to prove the case as laid even in the amended petition. There was no evidence that the defendant at any time agreed, as alleged in the amendment, to be bound by the estimates of any other than the engineer named in the contract.

4. While, as shown in the preceding paragraphs, the allegations of the petition were not proved by the evidence adduced by the plaintiff, it

was nevertheless admitted, in the defendant's answer, that on estimates made by the engineer named in the agreement the defendant was indebted to the plaintiff in a certain sum stated, which the defendant paid into court and for which it prayed that judgment be entered in favor of the plaintiff; and since, without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other, it thus appears that the plaintiff was entitled to recover at least a part of his claim. Civil Code (1910), § 5775; *Wheeler* v. *Salinger*, 33 *Ga. App.* 300 (7) (125 S. E. 888).

5. It is error to grant a nonsuit if a verdict would be authorized for any part of the plaintiff's demand, where the facts proved correspond with the case laid in the petition. *Duke* v. *Cason*, 25 *Ga. App.* 344 (103 S. E. 176); *Collier* v. *Pritchett*, 30 *Ga. App.* 451 (4) (118 S. E. 444).

6. The judgment of nonsuit was right except for the admission in the defendant's answer; but since the plaintiff, in view of such admission, would have been entitled to recover a certain amount and there is nothing to show that he would not have accepted a verdict therefor in preference to a nonsuit, the judgment is reversed, on condition that, at the time the remittitur from this court is made the judgment of the court below, the plaintiff will elect to take a verdict upon the pleadings for the amount admitted in the defendant's answer to be due him; otherwise the judgment is affirmed.

*Judgment reversed on condition. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 16, 1928.

*Scott Candler,* for plaintiff.

*Anderson, Rountree & Crenshaw, W. H. Mewbourne,* for defendant.