### Prudential Insurance Company v. Byron Hite.

1. CONTRACTS—*Stipulations as to Actions Thereon.*—A provision in a contract of employment stipulating that the servant shall commence no action relating to the employment until ten days after notice of the particulars of his claim shall have been served on the master. is valid, and the servant can not recover for services rendered, without proof of the giving of such notice.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed February 25, 1897.

MABIN & CLARK and M. C. HAMILL, attorneys for appellant.

EVANS & BECKWITH, attorneys for the appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Appellee acted as soliciting agent for the appellant com-

pany under a contract in writing and brought this action to recover compensation for his services under the terms and conditions of the contract.

Paragraph fourteen of the contract provides " That no suit at law or in equity relating to my employment as agent shall be maintainable until ten days shall have expired after service on the president or secretary of the company of a written statement of particulars and amount of my claim against the company, nor after six months from the date of the official transfer of the business obtained by me for ·the company, any statute to the contrary notwithstanding."

The action was brought without having first furnished the written statement of particulars and amount of the claim.

The court ruled the written contract alone could be relied upon to determine the agreement between the parties, but excluded paragraph fourteen from the consideration of the jury.

It does not appear from the record upon what ground the court ruled the paragraph was inoperative.

Counsel for appellee say that under the doctrine announced in Vogel et al. v. Pekoc, 157 Ill. 339, the paragraph was void for want of mutuality.

In that case the contract provided Pekoc should not quit the service of Vogel without first giving two weeks' notice in writing, and that a deposit of $25, to be created by a retention of wages, should be made by Pekoc, to be retained as liquidated damages in case of non-compliance with the contract in this respect. Pekoc earned $25 in the service of Vogel, left the service without notice, and brought suit to recover the amount he had earned.

Vogel interposed as a defense that he was entitled to the sum earned as liquidated damages by virtue of the contract.

The court construed the contract to impose no obligation on Vogel to employ Pekoc, or to pay him anything, and to be so framed that no action for damages for a breach thereof could be maintained upon it by Pekoc.

Hence it was ruled the contract was void for want of mutuality.

In the case at bar the contract provides for the employment of the appellee in the service of the company, and fixes his compensation.

The compensation was to be determined by way of percentages upon the amount received for premiums paid to the company, but the contract established the legal right of appellee thereto, and is enforcible against the company according to its terms and conditions.

There was no want of mutuality in the contract, taken as a whole, and it is not distinct or independent in any of its parts.

It contained no provision making it obligatory upon the company to furnish a written statement of particulars "to appellee before a right should accrue to it to institute an action against him." But it is not the rule that a contract must be reciprocal as to each and every separate obligation.

It is sufficient if upon the whole contract both parties are legally obligated to abide by and perform its conditions.

Such an obligation furnishes consideration and mutuality for the several undertakings of the parties to the contract.

It does not appear, nor is it suggested, the stipulation of the paragraph in question is against public policy or in conflict with any requirement of law.

The parties had full power to contract as to the details of their business affairs and relations, and the court had no function to perform other than to enforce as between them the contract as they made it.

The paragraph in question constituted a condition precedent to recovery. Prudential Ins. Co. v. Meyers, 44 N. E. Rep. 55.

The judgment must be and is reversed, and the cause remanded.