## T. E. Overby, Appellee, v. The Prudential Insurance Company of America, Appellant.

## Gen. No. 18,440.

1. EVIDENCE—*parol.* Where written contracts were entered into between an insurance company and an agent concerning the salary and commissions of the agent, testimony of such agent as to the terms of agreement is improper in an action by him for salary and commissions.

**328**   APPELLATE COURTS OF ILLINOIS.

Overby v. The Prudential Ins. Co. of Am., 181 Ill. App. 327.

2. INSURANCE—*what provisions in contract between agent and company valid.* Provisions in contracts between an insurance company and its agent to the effect that no suit at law or in equity should be maintainable by the agent against the company until ten days should have expired after service on the president or secretary of the company of a written statement of particulars and amount of claim against the company, *nor after six months from the date of the official transfer of the* business obtained by the agent for the company, are valid.

Appeal from the County Court of Cook county; the HON. FRANK G. PLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed. Opinion filed June 3, 1913.

HOYNE, O'CONNOR & IRWIN, for appellant; CARL J. APPELL, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

In this suit, brought by the appellee, as plaintiff, against the appellant, as defendant, a declaration consisting of the common counts was filed, together with an affidavit reciting that the demand of the plaintiff was for "money due on contract for salary and commissions earned as agent for plaintiff, including monies unlawfully withheld for alleged lapses and forced contribution for maintaining a 'Booster Club,'" etc. Afterwards an "additional bill of particulars" was filed, setting up a claim for "money due to plaintiff for amounts withheld from him for lapses on other agents' business from December 15, 1910, back to September 6, 1909, $79.35." Then follows a list of names of the policy holders, and a claim for deduction for lapse of policies where new policies were issued in substitution thereof, and for commissions due for renewals from April 8, 1908, to December 15, 1910. A list of names of other alleged policy holders is added.

A plea of the general issue was filed, together with

an affidavit of merits stating the nature of the defense to be that the defendant had paid the plaintiff all moneys due, and never unlawfully withheld moneys for alleged lapses, etc.

There was a trial before the court and a jury, and a verdict rendered in favor of the plaintiff for $250, upon which judgment was entered.

The plaintiff, at the hearing, undertook to establish an oral agreement. Later on it appeared that there were several written contracts entered into, which were afterwards introduced in evidence by the defendant, excepting one dated April 29, 1905. The last of those introduced was dated September 6, 1909, and the one of 1905 was attached to an affidavit on the motion for a new trial. All of the contracts had in them a provision to the effect that no suit at law or in equity should be maintainable by the plaintiff against the defendant until ten days should have expired after service on the president or secretary of the defendant of a written statement of particulars and amount of claim against the company, nor after six months from the date of the official transfer of the business obtained by the plaintiff for the company.

The only evidence offered by the plaintiff consisted of his own testimony and the testimony of two other witnesses, the latter on apparently immaterial points.

In view of the fact that written contracts were entered into, all of the testimony of the plaintiff with respect to the terms of agreement between the parties was improperly received.

It is not claimed that either of the provisions in the written contracts, heretofore referred to, had been complied with by the plaintiff. These provisions have been held to be valid in similar cases. *Prudential Ins. Co. v. Hite,* 69 Ill. App. 416; *Better v. Prudential Ins. Co.,* 16 Daly (N. Y.) 344, 32 N. Y. St. Rep. 686; *Prudential Ins. Co. v. Meyers,* 15 Ind. App. 339.

We have carefully examined the record in the case

and are of the opinion that the jury should have been instructed at the close of the case to find a verdict in favor of the defendant, a motion to that effect having been made by the defendant. The judgment will therefore be reversed.

*Reversed.*