### THOS. TRAMMELL V. T. J. FAUGHT.

No. 6650.

1. **Taxation of Leasehold of Land.**—A lease in which the State reserves the right to sell, and thereby to terminate the lease at any time, is not such title as contemplated in article 4691, Revised Statutes, taxing "property held under a lease for a term of three years or more."

2. **Same—Estate Taxable.**—The value of the term and not of a fee simple estate in the land would be the proper assessment of value upon lands so held under lease.

APPEAL from Scurry. Tried below before Hon. Wm. Kennedy.
The opinion states the case.

*Cowan & Fisher*, for appellant. —1. Appellant not being the owner of said lands, not having an inchoate title thereto which may be ripened into a title, and having simply a possessory right therein, had no taxable interest unless such possessory right was held under a lease for an absolute term of three years or more. Const., art. 8, secs. 1, 17, etc.; Rev. Stats., arts. 4669, 4691, 4692, subdiv. 4.

2. We submit that appellant was not holding said lands on January 1, 1886, under a lease for an absolute term of three years or more, but was simply holding a possessory right therein, terminable at any time without default or laches on his part and upon sale of same by the State

to actual settlers.   Laws 1883, ch. 88, sec. 17; Rev. Stats., art. 4691, 4692, subdiv. 4.

3.  A leasehold estate for years is for a term fixed, definite, and ascertained, and the estate of a tenant for years ranks with that of a freeholder in regard to stability of enjoyment; and the interest of appellant in said lands is not such an interest as is contemplated and taxable under Revised Statutes, article 4691 and article 4692, paragraph 4.  Rev. Stats., arts. 4691, 4692, subdiv. 4; Laws 1883, ch. 88, sec. 17; 1 Wash. Real Prop., ch. 10, secs. 2, 3.

4.  The tax complained of and sought to be collected from appellant is not based upon a legal assessment within the limits of Revised Statutes, articles 4691, 4692, paragraph 4, the same being based upon an assessment of the actual cash value of the land, as though owned by fee simple title, and not upon the actual cash value of the leasehold interest therein, and such tax is therefore illegal and void.  Rev. Stats., arts. 4691, 4692; Cool. on Const. Lim., 5 ed., ch. 19, p. 643.

ACKER, PRESIDING JUDGE.—Appellant leased from the State certain school lands for terms of six and ten years under the law approved April 12, 1883.   Gen. Laws 18th Leg., p. 85.   Taxes to the amount of $542.88 were assessed against appellant for these lands, and appellee, as collector of taxes for Scurry County, was proceeding to collect these taxes by sale of appellant's personal property when he was restrained by injunction sued out in this case.   The taxes were assessed upon the value of the freehold estate, as if appellant was the absolute owner of the lands, instead of upon the leasehold estate.

A general demurrer to the petition was sustained, and appellant declining to amend the injunction was dissolved and the suit dismissed, from which judgment this appeal is prosecuted.

Article 4691 of our Revised Statutes provides that "property held under a lease for a term of three years or more, or held under a contract for the purchase thereof, belonging to this State, or that is exempt by law from taxation in the hands of the owner thereof, shall be considered for all purposes of taxation as the property of the person so holding the same, except as otherwise specially provided by law."

Section 17 of the Act of 1883, under which appellant leased the lands, provided that "all lands leased shall remain subject to purchase," etc., and the State thereby reserved the right to terminate appellant's leasehold estate in the lands at any time by selling them to any one who might purchase under the provisions of the statute.   The leases were conditional, subject to be determined at the will of the State, and we do not think the Legislature intended that such uncertain interests in the lands owned by the State should be the subject of taxation against the tenant. We do not think the contract under which appellant held the lands can

be held to be "a lease for a term of three years or more," and unless it be such a lease appellant is clearly not liable to taxation thereon.

If appellant had held the lands under an absolute lease for a term of three years or more his leasehold estate would have been subject to taxation upon such value as it would bring at a fair voluntary sale for cash, but he would not have been liable for taxes upon the value of the freehold estate in the lands. Rev. Stats., art. 4692, subdiv. 4; Daugherty v. Thomson, 71 Texas, 192.

We think the court below erred in sustaining the demurrer and dismissing the cause, and are therefore of opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted October 22, 1889.