CASE 5—PETITION ORDINARY—OCTOBER 14.

# German-American Insurance Company v. Norris, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. FIRE INSURANCE—CERTIFICATE OF LOSS NOT ENFORCEABLE.— The requirement in a policy of fire insurance that the insured shall, in case of loss, within sixty days after the fire, "furnish a certificate of the magistrate or notary public living nearest the place of fire, stating that he has examined the circumstances and believes that the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify," is not enforceable.

2. FIRE INSURANCE—DISCLOSURE OF ATTEMPT TO BURN.—An applicant for fire insurance on property is not bound to disclose an attempt to burn the property sought to be insured unless asked about it.

3. KNOWLEDGE OF AGENT.—The agent being aware of all the facts and circumstances in regard to the attempted burning of the property, notice thereof to him was notice to the company.

4. PROOF OF LOSS—WAIVER.—When the general agent of an insurance company denies liability on the policy and refuses to pay, the insured is not required to furnish proofs of loss or any other papers.

B. F. BUCKNER FOR APPELLANT.

1. The production of the certificate of the nearest magistrate or notary public, as required by the terms of the policy, is a condition precedent to the plaintiff's right to recover; and this suit having been brought without the procurement of such a certificate, was premature, and can not be maintained. (Oldman v. Bewick, 2 H. Bl., 577; Rutledge v. Burrell, 2 H. Bl., 254; Ins. Co. v. Lawrence, 2 Peters. 25, and 10 Peters, 507; Leadbetter v. Ins. Co., 13 Me., 265; Worsley v. Wood, 6 Term Rep., 710; Johnson v. Ins. Co., 112 Mass., 49; Kelly v. Ins. Co., 141 Pa. St., 10; Noonan v. Ins. Co., 21 Mo., 81; Rounage v. Ins. Co., 13 N. J. Law, 110; Daniels v. Ins. Co., 50 Ct., 551; Ins. Co. v. Oates, 86 Ala., 558.)

2. The authority of an insurance agent to receive proposals for insurance and countersign and deliver policies, does not extend to the adjustment of losses or waiving proofs of loss. (Bush v. Ins.

Co., 63 N. Y., 531; Van Allen v. Ins. Co. (N. Y.), 5 I. L. J., 729; Kyte v. Ins. Co., 16 I. L. J., 334; Bowlin v. Ins. Co, (Wis.), 16 I. L. J., 35; Smith v. Ins. Co., 17 I. L. J., 734; Kundson v. Ins. Co. (Wis.), 45 N. W. R., 954; Barre v. Ins. Co. (Iowa), 41 N. W. Rep., 373.)

3. An alleged waiver of an express condition of a policy inserted as a preventive against fraud, should clearly and distinctly show that the company abandoned its right to call on the assured for a fulfillment of the terms of the contract, or did some act which induced the assured to fail to act as he would otherwise have acted, before it can be allowed to have such effect. (Weidert v. Ins. Co., 19 Oregon, 261; Cornell v. Ins. Co., 18 Wis., 387; Ins. Co. v. Chicago Ice Co., 36 Ind., 102.)

4. It was the duty of the applicant for insurance to have communicated to the company every previous attempt at incendiarism, and the concealment of the attempt to burn the building in this case vitiated the policy. (Ins. Co. v. Throop, 22 Mich., 146; Walden v. Ins. Co., 12 La. (O. S.), 134; Bupe v. Turner, 6 Taunton, 338.)

5. Holland was not the agent of the company, and any notice or knowledge upon his part is not attributable to the company, unless actually communicated to its agent who had authority to deliver policies. (Ins. Co. v. Weary, 4 Bradwell (Ill.), 74; Heath v. Ins. Co., 58 N. H., 414; Hamilton v. Ins. Co., 6 Bissell, 91; Ins. Co. v. Van Oss, 63 Miss., 401; Lange v. Ins. Co., 3 Mo. App., 591; Alexander v. Ins. Co., 64 N. Y., 464; Tate v. Hyslop, 15 J. B. Din., 368; Tate v. Ins. Co., 34 La. Annual, 63; Abbott v. Ins. Co., 3 Allen, 213.)

BULLITT & SHEILD FOR APPELLEES.

1. The furnishing of the magistrate's certificate was not a condition precedent, and, therefore, this suit was not prematurely brought. (Franklin Ins. Co. v. Culver, 6 Ind., 137; Barly v. Hope Ins. Co., 56 Me., 474; Keeney v. Home Ins. Co., 71 N. Y., 396; Aetna Ins. Co. v. Taylor, 16 Wend., 385 Ont. App. R., 81; Universal Ins. Co. v. Johnson, 46 Ind., 315; Aetna Ins. Co. v. Taylor, 16 Wend., 385; Heath v. Franklin Ins. Co., 1 Cush., 357; Merchants Ins. Co. v. Gibbs (N. J. En. & App.), 29a, 485; Universal Fire Ins. Co. v. Block, 109 Pa. St., 585; Davis Shoe Co. v. Hattaning Ins. Co., 138 Pa. St., 73; Keeley v. Sun Fire Co., 141 Pa. St., p. 10.)

2. If the certificate of loss was not sufficient, the insurance company must notify the insured in a reasonable time or it is supposed to waive such defect. (Tannery v. Ins. Co., 25 Wend., 373; Mease v. Aetna Ins. Co., 32 W. Va., 283; Barly v. Hope Ins. Co., 56 Me., 474.)

3. If the furnishing of the magistrate's certificate was a condition precedent, the defect was cured by the filing of the suit of Shippen Bros., assignee of Norris, after said certificate was furnished. (Dudley v. Pearce, 10 B. M., 88; Hyatt v. Bank of Kentucky, 8 Bush, 200; Honorie v. Moore, 14 B. M., 311; Butt v. Turner, 5 Bush, 436; Leatherman v. Twires, 88 Ky., 291; Keller v. Stanley, 86 Ky., 240.)

4. Delivery to local agents of proof of loss is delivery to the company for all purposes of the policy. (Insurance Co. v. Hope, 11 Am. Rep., 48; Phoenix Ins. Co. v. Creason, 14 Ky. L. R., 573.)

5. If an insurance company denies liability, no proofs of loss are required. (Phoenix Ins. Co. v. Creason, 14 Ky. L. R., 573; Morris v. Ger. Am. Ins. Co., 14 Ky. L. R., 859; Ins. Co. v. Forwood, 13 Ky. L. R., 261; Kenton Co. v. Downes, 12 Ky. L. R., 115 (90 Ky., 236); Kenton Co. v. Wigginton, 11 Ky. L. R., 539; Kenton Co. v. Wigginton, 89 Ky., 330.)

6. When one holds himself out as the agent of an insurance company, with the knowledge of that company, he is, so far as innocent third persons are concerned, the agent for that company. (Howard Ins. Co. v. Owens, 14 L. R., 844; May on Insurance, 3d ed., sec. 154; Phoenix Ins. Co. v. Creason, 14 Ky. L. R., 593; Kenton Ins. Co. v. Downs, 12 Ky. L. R., 113; Phoenix Ins. Co. v. Comes, 14 Ky. L. R., 604.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT:

This appeal is prosecuted from a judgment of the Jefferson Circuit Court, Common Pleas division, rendered in the suit of M. T. Norris, &c., against the appellant, German-American Insurance Co.    The suit was to recover $2,500, the amount of a policy issued by the appellant to appellee, Mary V. Norris, on a house then being built in Warwick Villa, Jefferson county, and which was destroyed by fire in December, 1892.    The appellant resisted a recovery on five different grounds:

1st. That the amount of the loss was not $2,500.

2d. That the appellee had not furnished the appellant with the proofs of loss required by the policy.

3d. That it had required a certificate of the nearest

magistrate, to the effect that he had investigated the circumstances and believed that the appellee had honestly sustained the loss claimed, and that the certificate had not been furnished, and made like complaint of appellees' failure to furnish bills, items and specifications, etc., of the building as required by the policy and demanded by appellant.

4th. That there had been an attempt by some one to burn the property insured before the policy was issued, which fact was not communicated to appellant.

Appellees' contention in substance is that the appellant denied their claim, hence they were not required by law to furnish anything, but that they did in fact give the notice, furnish the proofs, bills, specifications, etc., required by the policy, and that the same was accepted as sufficient, and that they furnished the magistrate's certificate as soon as it could be obtained, and that it was furnished before the institution of the suit of appellees' assignees (who were the real owners of the policy) had been instituted. They also claim that the agent of appellant knew of the burning that had happened, and that it was not known that anyone had set fire to the building or attempted to do so.

The policy contains, among other things, the following: "Within sixty days after the fire, unless such time is extended in writing by this company, the insured shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the

German-American Insurance Company v. Norris, &c.

amount of loss thereon; all encumbrances thereon; and shall furnish, if required, verified plans and specifications of any building, fixtures or machinery destroyed or damaged; and shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify."

The policy also provides that it should be void if the insured has concealed or misrepresented any material facts or circumstances concerning the insurance or the subject thereof.

We think that it clearly appears that notice of the loss and the proofs were furnished as required by the policy, and the bills and specifications of material, etc., were also furnished or well known to the appellant.

Appellant insists very earnestly that the failure to furnish the certificate of the magistrate when required is a bar to appellees' right to recover, but we do not think that the policy, when fairly read and construed, constitutes a bar to recovery. It could not be used as evidence against the appellant, and, as there is no law by which the insured could compel a magistrate to act in the matter, it is not reasonable that parties would undertake to procure the certificate of an officer when there was no law by which he could be required to certify at all.

Such a requirement should not be enforced. It could be of no real benefit to appellant, but only an incon-

venience to the appellee; but the required certificate was furnished in this case before the trial, and before the filing of the suit of appellees' assignee, which suit was consolidated with this suit.

It is also contended that the policy is void by reason of the concealment of the attempt to burn the building, known to appellee and not communicated to appellant. We do not think that any attempt to burn the house has been sufficently shown to authorize a forfeiture of the policy, nor are we inclined to hold that it was the duty of appellee to disclose such an attempt unless asked about it; and, besides, it is quite reasonable to suppose, from the facts and circumstances proven in the case, that Holland was well aware of all the facts and circumstances in regard to the burning or attempted burning, and whatever may be said as to the extent of his agency, it is clear that notice to him was in law notice to appellant. Holland was the man who really made the trade with appellee, delivered the policy and collected the premium and was in the habit of doing such business for the company. His name was endorsed on the policy.

It is in proof that Strong, a confessed agent of the appellant company, looked at the proof and said it would do. It is true he denied so stating. It is also in proof that Thomas, the general and supreme agent for Kentucky and Tennessee, in substance denied the debt and refused to pay; and, if that be true, appellee was not required to furnish proof or other papers; and it was for the jury to determine as to the truth of the conflicting statements of the witnesses

Appellant also complains of the failure of the court to give instructions asked, including a peremptory instruction to find for defendant, and also insists that those given by the court are erroneous.

The instructions given are as follows:

"No. 1. The court instructs the jury that they should find for the plaintiffs in the sum of $2,500, with interest from the 7th day of April, 1893, unless they shall believe from the evidence that the defendant did not, within sixty days after the loss complained of in the petition deny liability under the policy sued on, and that the plaintiffs failed, within sixty days after the loss, to furnish to the defendant, or to its agents, sufficient proofs of said loss, or that an attempt had been made to burn the house in question before the policy sued on was issued, and that this fact was unknown to the agent of the defendant when he solicited plaintiffs to insure; and that plaintiffs, or either of them, concealed that fact from said agent for the purpose of obtaining insurance.

"No. 2. But if they shall believe from the evidence that, within sixty days after the loss complained of, the defendant denied that it was liable under the policy sued on, then it was not necessary for the plaintiffs to furnish the defendant with proofs of loss.

"No. 3. If the plaintiffs did not, within sixty days after the said loss, furnish to the defendant sufficient proof thereof, then the law is for the defendant, and so the jury should find, unless the defendant demanded other and further proof that it was within the power of plaintiffs to furnish and plaintiffs did furnish the

further proof demanded within a reasonable time after the same was demanded.

"No. 4. If the jury shall believe from the evidence that an attempt was made to burn the house in question before the policy of insurance sued on herein was issued, and that plaintiffs knew thereof, and that the agent of the defendant, who solicited the insurance (Holland), did not know of the said attempt when the policy was issued, and the plaintiffs concealed that fact from him for the purpose of obtaining insurance, then the law is for the defendant, and so the jury should find."

It seems to us that the foregoing instructions are as favorable to appellant as it was entitled to, and that those asked for by it were properly refused, nor do we think that the court erred in the admission or rejection of testimony.

It may be that some courts of last resort have announced some rules of law not exactly in accord with this opinion, but this decision is in accord with the former decisions of this court, and is supported by reason and by the fundamental principles of equity. (Howard Ins. Co. v. Owens' adm'r, &c., 14 R., 881; Phoenix Ins. Co. v. Speers, &c., 87 Ky., 285; Kenton Ins. Co. v. Wigginton, 89 Ky., 330; Same v. Downs, &c., 90 Ky., 230.)

It may be remarked in passing that it nowhere appears that appellant was in any respect injured or damaged by any of the alleged failures of appellees to furnish any of the proofs, certificate, bills or specifications complained of, and it was the province of the jury to

weigh the testimony and render a verdict accordingly; and no erroneous ruling of the court to the prejudice of appellant's substantial rights having occurred, the judgment of the court below must be affirmed.