SPRINGFIELD FIRE & MARINE INS. CO.
v. NELMS et al. (No. 8317.)

(Court of Civil Appeals of Texas. Ft. Worth.
Feb. 5, 1916. Rehearing Denied
March 18, 1916.)

INSURANCE ⬤⇒546—FIRE INSURANCE—IMMATERIAL BREACH OF POLICY—STATUTE.

Under Act April 2, 1913 (Acts 33d Leg. c. 105, entitled "An act to prevent fire insurance companies from avoiding liability for loss * * * to personal property under technical and immaterial provisions of the policy * * * where the act breaching such provision has not contributed to bring about the loss, * * * *") § 1 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a), and section 3, an insurer of personalty against fire could not escape liability for a loss for insured's failure to comply with a special provision of the policy that he would, as part of his proofs of loss, if requested, furnish a certificate of the magistrate or notary public living nearest the place of fire, stating that he had examined the circumstances and believed the insured honestly sustained loss, where the fact of loss was undisputed, the amount not contested, and notice and proofs made, while the insured's pleadings and evidence contained no suggestion that the fire wrongfully originated by act or procurement of the insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1350, 1351; Dec. Dig. ⬤⇒546.]

Error from Erath County Court.

Suit by Mat Nelms and others against the Springfield Fire & Marine Insurance Company. To review a judgment for plaintiffs, defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris and W. C. Thompson, all of Dallas, for plaintiff in error. Hickman & Bateman, of Dublin, for defendants in error.

CONNER, C. J. Mat Nelms and others sued to recover a loss by fire upon certain personal property covered by an insurance policy issued by the defendant company to Mat Nelms. The trial resulted in a judgment for the plaintiffs, and the insurance company prosecutes this writ of error.

Plaintiff in error's only material defense to the action was a special plea and evidence in its support, to the effect that after the loss Mat Nelms failed to comply with a special provision of the policy that he would, as part of his proofs of loss, if requested—

"furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor, or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify."

That the provision quoted is part of the policy is not questioned. It is also undisputed that Mat Nelms though requested so to do, failed to furnish the certificate so provided for in the policy. Furthermore, the record contains no explanation of such failure. Under such circumstances, in various forms, the defendant company insisted upon the trial, and now before us, that the plaintiffs were not entitled to recover.

Generally speaking, it may be said that the weight of authority seems to be that a provision of the character quoted is a reasonable one, and that compliance therewith is a condition precedent to a recovery upon an insurance policy containing it. See Kelly v. Sun Fire Office, 141 Pa. 10, 21 Atl. 447, and notes as published in 23 Am. St. Rep. 254 et seq., where the cases on the subject are generally reviewed. We have but two undisturbed cases holding otherwise. One, the Aurora Fire Ins. Co. v. Johnson, 46 Ind. 315, is based upon an Indiana statute. The other is the case of Germain American Ins. Co. v. Norris, by the Court of Appeals of Kentucky, reported in 100 Ky. 29, 37 S. W. 267, 66 Am. St. Rep. 324. In the latter case the policy contained a provision such as we have quoted, and there had been a failure to comply therewith within the time specified in the policy. It was contended, as here, that there could be no recovery, but the court in disposing of the question said:

"Appellant insists very earnestly that the failure to furnish the certificate of the magistrate when required is a bar to appellees' right to recover, but we do not think that the policy, when fairly read and construed, constitutes such failure a bar to recovery. It could not be used as evidence against the appellant, and, as there is no law by which the insured could compel a magistrate to act in the matter, it is not reasonable that parties would undertake to procure the certificate of an officer when there was no law by which he could be required to certify at all. Such requirement should not be enforced. It could be of no real benefit to appellant, but only an inconvenience to appellees."

While the view of the Kentucky court, as expressed in the quotation, may seem forceful, the case perhaps should not be regarded as authority, inasmuch as the court recited further along in the opinion that the certificate there in question had, in fact, been presented before the trial. Regardless, however, of the general state of the authorities, we think that here, as in Indiana, we have statutes which, as we construe them, require a ruling against the insurance company on the question under consideration. By act approved on April 2, 1913, entitled "An act to prevent fire insurance companies from avoiding liability for loss and damage to personal property under technical and immaterial provisions of the policy or contract of insurance where the act breaching such provision has not contributed to bring about the loss, and declaring an emergency," it was enacted by the Legislature of the state of Texas (section 1):

"That no breach or violation by the insured of any of the warranties, conditions or provisions of any fire insurance policy, contract of insurance, or application therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach or violation contributed to bring about the destruction of the property."

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Section 3 of the same act reads:

"Whereas, under the existing laws, insurance policies and contracts may be defeated upon purely technical provisions and defenses that in no way affect the merits of the claim against the insurance company, and such defenses have been upheld to the extent of making it almost impossible for an insurance policy upon personal property to be collected by suit, creates an emergency and imperative public necessity that the constitutional rule requiring bills to be read on three several days in each house be suspended, and that this act take effect and be in force from and after its passage, and it is so enacted."

Prior to this enactment, in chapter 15, tit. 71, of our Revised Statutes, and under the heading of "General Provisions," it had theretofore been enacted, in substance, that in order to constitute a defense in a suit on an insurance policy, where the loss has been established, false statements made in the application for the contract, or in the contract itself, or in the proofs of loss, must be shown to be material, and the new act was evidently intended in broad terms to operate against purely technical provisions and defenses that in no way affect the merits of the claim against the insurance company. In the case before us the loss is undisputed, the amount of the loss is not contested, notice and proofs of loss were made, and neither in plaintiff in error's pleadings nor in its evidence is there a suggestion that the fire wrongfully originated by act or procurement of Mat Nelms or any other person, and under such circumstances we cannot see how the failure of Mat Nelms, from whatever cause arising, materially affects any right of plaintiff in error in this cause. So believing and holding, it is ordered that all assignments of error be overruled, and the judgment affirmed.

Affirmed.