## CAMDEN FIRE INS. ASS'N v. BOND.
### (No. 7908.)

(Court of Civil Appeals of Texas. Dallas. March 2, 1918. Rehearing Denied March 30, 1918.)

**1. INSURANCE ⬡➡327—BREACH OF WARRANTY —REMOVAL OF GOODS.**

Where insured moved the insured goods to another residence situated on a different lot, there was no contractual relation between him and the insurer, unless breach of warranty of location was waived by insurer.

**2. INSURANCE ⬡➡388(3)—REMOVAL OF GOODS —WAIVER BY INSURER.**

Where after damage to goods and removal to other location within knowledge of insurer, a duplicate receipt was given for amount of partial loss, reciting that "said policy is hereby reduced in said sum" and unearned premium on policy was not returned, the insurer waived the right to avoid policy for removal of goods; the policy standing as reduced.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by J. V. Bond against the Camden Fire Insurance Association. Verdict and judgment for the plaintiff, and defendant appeals. Affirmed.

Claude Westerfeldt, of Dallas, for appellant. Wood & Wood and W. W. Hagebush, all of Dallas, for appellee.

RAINEY, C. J. This is an appeal from a judgment for $201.93 on a fire insurance policy issued by appellant to appellee. The property insured was household goods, and situated first in a residence on a certain lot in the city of Dallas, Tex. The residence was entirely consumed by fire, but the property was saved, although damaged, and was moved to another building across the street and the damage to the property was adjusted, the loss amounting to $98.07, which was paid. Subsequent to this time appellee moved the goods to another residence situated on a different lot, when another fire occurred, which consumed said residence and all of said household goods. For loss of property from this last fire this suit was brought, and a verdict was instructed for appellee.

[1] The leading proposition for a reversal presented by appellant is:

"There was no contractual relation existing between the parties, plaintiff and defendant, as defendant had no agreement, expressly or impliedly or otherwise, to insure the property where it was burned."

This proposition we think is correct and supported by the great weight of authority, unless waived, which appellee contends was the fact in this case.

[2] Appellee by his first supplemental peti-

tion alleged on the question of waiver as follows:

"He denies that part of defendant's special answer wherein it is alleged that the property covered by the policy herein sued on was, without the authority or knowledge of the defendant, removed to other premises. Plaintiff admits that after the issuance of the policy sued on, the property, for the value of which this suit is brought, was removed to other premises, but plaintiff says that such property was so removed to other premises with the knowledge and consent of the defendant company; that during the month of May, 1915, when defendant company had settled with this plaintiff for a loss occurring at that time, they required him to sign a receipt in duplicate for the amount paid him in settlement of said loss; such receipt being substantially in words and figures as follows:

"$98.07.      Duplicate Receipt.      191—.

"Received of the Camden Fire Insurance Association' of Camden, N. J. ninety eight and 07–100 dollars, being in full satisfaction and compromise settlement of all claims and demands against said company for loss and damage by fire which occurred May 5th, 1916, to the property insured under Policy No. 1408678 issued at Dallas, Texas, agency and said policy is hereby reduced in said sum.

"[Signed]   J. V. Bond, Assured.

"This duplicate receipt must be signed by all claimants and attached to policy No. 1408678.

"That at the time said receipt was signed by plaintiff, defendant knew that his property had been removed from the premises in which the loss occurred during the month of May, 191—, and, instead of canceling said policy and returning to this plaintiff the unearned premium on said policy, they continued the policy in full force and effect for the balance of the term covered by said policy, but in a reduced amount; that is, an amount equaling the difference between $300, the face value of the policy, and $98.07, paid plaintiff on the loss sustained in May, 1915; that it was understood and intended by plaintiff and defendant that in lieu of issuing a new policy on the personal property covered by the policy herein sued on, they would continue such policy in full force and effect, reducing their liability thereunder to the extent of $98.07, and with full knowledge that the property had been removed to other premises, and evidenced this understanding by issuing in their own words and language the receipt above set out, and plaintiff was thereby caused to believe, and did believe, that his personal property, or so much of same as was covered by said policy, was protected throughout the balance of the term covered by said policy, and plaintiff says that by reason of the facts above set out, defendant waived that clause in its policy which provided that said property would be covered by insurance while located as contained and described in said policy and not elsewhere, and defendant is now estopped to deny that it waived said clause in its policy, and is estopped to rely on such clause, as a defense to plaintiff's cause of action."

The evidence establishes the foregoing plea, and shows that the place of the property when burned was waived by appellant.

Further article 4874a, Vernon's Sayles' Ann. Civ. St. 1914, provides:

"Breach or violation by insured of policy, etc., on personal property, not a defense, when—

"That no breach or violation by the insured of any of the warranties, conditions or provisions of any fire insurance policy, contract of insurance, or application therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach or violation con-

---

tributed to bring about the destruction of the property."

It was not claimed that the "breach or violation contributed to bring about the destruction of the property." MacPherson v. Fire Ins. Co., 185 S. W. 1055; Fire Ins. Co. v. McMinn, 188 S. W. 25; Ætna Ins. Co. v. Waco Co., 189 S. W. 315; Ins. Co. v. Finegold, Syl. 5, 183 S. W. 833; Ins. Co. v. Nelms et al., 184 S. W. 1094.

Just after the first fire appellant knew of the situation of the property; that it could not be placed in the former residence, it having been entirely destroyed; that it had the opportunity to cancel the policy—but left appellee to conclude that it would remain in force for the original amount, less the $98.07; and it will not now be heard to say to the contrary.

The judgment is affirmed.