WESTCHESTER FIRE INS. CO. v. ROAN.
(No. 9142.)

(Court of Civil Appeals of Texas. Ft. Worth. June 28, 1919. Rehearing Denied Oct. 18, 1919.)

1. INSURANCE ☞389(6) — WAIVER OF WARRANTY CLAUSE AS TO OPERATION OF GIN.

Clause of fire policy on cotton gin, whereby insured warranted under penalty of forfeiture that the property should be in active operation during the ginning season, *held* not waived by insurer because its soliciting agent was informed insured had not ginned any cotton during season preceding the policy year, while too little cotton was produced in the vicinity during the policy year to permit profitable operation.

2. FIXTURES ☞27(1)—CONSTRUCTIVE SEVERANCE.

Parties may by express agreement constructively sever fixtures from the soil so as to require treatment of the fixtures as personal property.

3. INSURANCE ☞304 — SEVERANCE OF FIXTURES BY FIRE POLICY.

By virtue of the agreement of a cotton gin owner embodied in his fire policy that each item of the insured property other than . the buildings should be considered as personalty, the machinery and other property must be treated as personal property, as respects the application of Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a, as to breach of personal property policy; promissory warranties not contributing to the loss.

4. INSURANCE ☞319(1) — BREACH OF WARRANTY NOT CONTRIBUTING TO LOSS.

Under Vernon's Sayles' Ann. Civ. St. 1914, § 4874a, insured could recover from his fire insurer for destruction of his cotton gin, per-

sonal property, in the absence of proof to show that his breach of warranty to operate the gin during the season brought about or contributed to its destruction.

Error from District Court, Eastland County; Joe Burkett, Judge.

Suit by E. D. Roan against the Westchester Fire Insurance Company. To review judgment for plaintiff, defendant brings error. Reformed and affirmed.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for plaintiff in error.

J. R. Stubblefield, of Eastland, for defendant in error.

CONNER, C. J. The appellee, E. D. Roan, instituted this suit in the district court of Eastland county to recover upon a fire insurance policy delivered to him by appellant company on January 13, 1916, whereby it insured him against loss by fire from January 13, 1916, to January 13, 1917, in consideration of a $57 premium paid. The aggregate amount of insurance was $1,200, thus placed: $300 on a one-story iron-clad building, occupied as a cotton gin; $550 on fixed and movable machinery of all kinds, incident and necessary to the handling and ginning of cotton; $250 on engine and boiler, including foundations, settings, etc.; $100 on a one-story frame seed house with metal roof. A fire occurred on the night of November 26, 1916, and all of the property above specified except the seed house, was destroyed, at which time the property was worth more than double the amount of the insurance. The plaintiff's prayer was for $1,100, with interest.

The defendant answered by general denial, and specially pleaded a provision of the policy, whereby the assured warranted, upon penalty of forfeiture, that the property described in the policy should be in active operation during the ginning season.

The plaintiff replied in a supplemental petition, to the effect that by reason of the existence of the boll weevil sufficient cotton was not grown in the vicinity of the gin to warrant its operation during the ginning seasons of 1915 and 1916; that this condition was known to the agent of the defendant who received the plaintiff's application for the insurance, and that by reason of such knowledge and by reason of the fact that the defendant permitted the policy to continue in force, it had waived the warranty clause mentioned.

A trial upon the issues indicated resulted in a verdict and judgment in plaintiff's favor for $1,100, and the defendant has duly appealed.

Error is first assigned to the refusal of the court to give a requested peremptory instruction to find in the defendant's favor. The undisputed proof, shows that the soliciting agent of the defendant company, who received the plaintiff's application for the insurance, was informed, after interrogation, that the plaintiff had not ginned any cotton during the ginning season of 1915; that this agent resided in the city of Cisco, a number of miles distant from plaintiff's gin; that both the application and the policy contained the warranty pleaded by the defendant company; that in the trade territory of the plaintiff very little cotton was raised during the year 1916, not more than 20 or 30 bales, and that for such a quantity plaintiff could not run his gin profitably; and that, therefore, he did not operate it during that year.

[1] We concur with appellant's contention that the warranty clause of the policy was not waived by the existence of the circumstances stated. The failure of the cotton crop in the vicinity of appellee's gin was not total, so that it cannot be said that there was no ginning season whatever during the year 1916. And the mere fact that plaintiff could not operate his gin, as he had warranted to do, without loss, will not, we think, relieve him from the operation of his covenant and warranty to operate. A like conclusion on this subject, under almost identical circumstances, was reached by the Austin Court of Civil Appeals in the case of Ætna Insurance Co. v. Lewis, reported in 204 S. W. 1170, writ of error refused. However, the decision referred to, which we feel that we should approve and follow, further holds that a warranty clause, similar to the one here involved, did not operate as to such of the insured property as ought under the circumstances, to be classified as personal property instead of real property. In that case, as in this, the gin building, and other specified machinery therein, was insured in specified amounts, but the policy there, as here (a fact which we have heretofore failed to state), contained a special provision to the effect that each item insured, other than the building, or buildings, was, for the purposes of the contract of insurance, to be treated and considered as personal property.

[2, 3] Appellant cites the case of Ginner's Mutual Underwriters v. Wiley & House, 147 S. W. 629, in which it was held, among other things, by the El Paso Court of Civil Appeals, that a like classifying agreement in an insurance policy would not be given effect where the facts show that the property, which would otherwise be ordinarily classified as personal property, had been, in fact, so attached to the real property as to become part thereof. On this point, the decision seems to be in conflict with the case of Insurance Co. v. Lewis, supra. It is by no means clear from the evidence in the case before us that all of the machinery specified in the policy of insurance was so attached to the freehold, under familiar rules re-

lating thereto, as to become part of the soil, but whether so or not, we see no reason why parties may not by express agreement constructively sever the fixtures from the soil so as to require treatment of the fixtures as personal property. See 19 Cyc. 1070; 11 R. C. L. p. 1064, § 8. At all events, writ of error having been refused in the case of Insurance Co. v. Lewis, we feel that we must follow it, and rule that by virtue of the agreement referred to the machinery and other property specified in the policy of insurance under consideration is to be treated as personal property.

[4] The foregoing conclusions lead to a consideration of the effect that must be given to article 4874a, Vernon's Sayles' Civil Statutes. That article reads as follows:

"That no breach or violation by the insured of any of the warranties, conditions or provisions of any fire insurance policy, contract of insurance, or application therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach or violation contributed to bring about the destruction of the property."

There is a class of cases reviewed by us in the case of Merchants' & Mfgrs.' Lloyds' Ins. Co. v. Southern Trading Co., 205 S. W. 352, which hold that the article of the statute quoted has no application to promissory warranties, such as the one relied upon by appellant in this case. We, however, in the case cited, reached a contrary conclusion, and inasmuch as the conclusion then reached by us accords with a former decision of our own (Springfield Fire & Marine Ins. Co. v. Nelms, 184 S. W. 1094), and with the decision of the Austin Court of Civil Appeals in the Ætna Ins. Co. v. Lewis, supra, and inasmuch as there is not proof in this case that the breach of warranty to operate the gin during the ginning season of 1916 brought about or contributed to the destruction of the insured property, we conclude that the policy declared upon was operative as to all of appellee's insured property except only the one-story iron-clad building with metal roof, for which the jury and judgment awards appellee $300. As to this item, we are of the opinion that the policy was voided by appellee's breach of warranty.

While for the reasons stated, the court did not err in giving the peremptory instruction, it necessarily follows, if we are correct, that there was error in the proceedings below in so far as appellant was adjudged to pay the $300 on the one-story iron-clad building with metal roof. But in other respects, and as to property which, by the terms of the policy, is classified as personal property, the verdict and judgment must be approved. It is accordingly ordered that the judgment below will be so reformed as to exclude the said item of $300, and, as so reformed, the judgment will be affirmed; appellee being adjudged to pay all costs of appeal.

Reformed and affirmed.