

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 7, 1957

Hon. Robert S. Calvert              Opinion No. WW-270
Comptroller of Public Accounts
Capitol Station                      Re:  Whether or not the W. T.
Austin 11, Texas                          Grant Company, Dallas,
                                          Texas, is subject to
                                          taxation under the lease-
                                          hold agreement referred
Dear Mr. Calvert:                         to in Article 7173, R.C.S.

        You request the opinion of this office upon the ad
valorem taxability of the lease-hold estate of W. T. Grant
Company in certain real estate located in Dallas, Texas, in
which the University of Texas is the lessor and W. T. Grant
Company is the lessee.

        You submitted with your request a copy of the lease
involved. It is dated December 12, 1946, and expires June 30,
1959. The real property covered by the lease is concededly
State-owned property and since it is for a term of more than
three years its taxability is governed by Article 7173, Vernon's
Civil Statutes, which provides in part as follows:

        "Property held under a lease for a
    term of three years or more, or held
    under a contract for the purchase there-
    of, belonging to this State, or that is
    exempt by law from taxation in the hands
    of the owner thereof, shall be considered
    for all the purposes of taxation, as the
    property of the person so holding the same,
    except as otherwise  specifically provided
    by law."

        This Statute was construed by the Supreme Court of
this State in the case of Tramwell v. Faught, Tax Collector,
74 Tex. 557, 12 S.W.317, as applicable to the lease-hold estate
and not to ownership of the fee in the following language which
we quote from the opinion:

    •       ". . .If appellant had held the
    lands under an absolute lease for a
    term of three years or more, his lease-
    hold estate would have been subject to

taxation upon such value as it would
bring at a fair voluntary sale for cash,
but he would not have been liable to
taxes upon the value of the freehold
estate in the lands."

Our research does not reveal that this ruling of the
Supreme Court has been departed from. Article 7174, V.C.S.
provides how such lease-hold estate shall be valued. This
Statute provides in part as follows:

"Taxable leasehold estates shall
be valued at such a price as they would
bring at a fair voluntary sale for cash."

You are, therefore, respectfully advised that the
lease-hold estate of W. T. Grant Company in the real property
in question is subject to ad valorem taxes and the value
should be ascertained as provided in Article 7174, V.C.S.

S U M M A R Y

A lease-hold estate of the lessee in
property owned by the State which is
for a term of three or more years is
subject to ad valorem taxation. The
value should be ascertained as provided
in Article 7174, V.C.S.

Very truly yours,

WILL WILSON
Attorney General

LPL:gs

APPROVED:

By

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

L. P. Lollar
Assistant

Joe Rollins

J. Milton Richardson

B. H. Timmins, Jr.

Houghton Brownlee, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
By:
   James N. Ludlum