

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 17, 1968

Honorable Gene Russell
County Attorney
Burnet County Courthouse
Burnet, Texas 78611

Opinion No. M-319

Re: Whether taxing authori-
ties may assess and col-
lect ad valorem taxes
based upon the value of
a leasehold in land
against the lessor or
lessee, and related
questions?  RQ 337

Dear Mr. Russell:

In your letter of November 12, 1968, you request
the opinion of this office as to (1) whether the taxing
authorities may assess and collect a tax based on the
value of a leasehold in land and (2) whether such assess-
ment may be made against the owner of the leasehold or
whether it must be made against the lessor.

We have been advised by your letter of request and
sample representative copies of lease agreements that the
land involved is private land; the lease term is for a
period of 99 years; buildings, structures or other improve-
ments have been placed on the property; the terms of the
lease provide that the Lessee may place any buildings,
structures or other improvements and same shall remain the
property of the Lessee subject to a Landlord's Lien to
secure payment of the rental provided for in the lease
and, subject to said lien, may be removed at the expiration
of the lease agreement; and a fence may be erected at Lessee's
expense without any express provision for its removal.

The pertinent constitutional provisions and statutory
enactments are as follows:

Article VIII, Section 1, Constitution of Texas.

"Taxation shall be equal and uniform.
All property in this State, whether owned by
natural persons or corporations, other than
municipal, shall be taxed in proportion to its
value, which shall be ascertained as may be
provided by law. . . ."

-1552-

### Article VIII, Section 2, Constitution of Texas.

"All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; but the legislature may, by general laws, exempt from taxation public property used for public purposes; actual places or [of] religious worship, * * * places of burial not held for private or corporate profit; all buildings used exclusively and owned by persons or associations of persons for school purposes * * * and institutions of purely public charity; and all laws exempting property from taxation other than the property above mentioned shall be null and void."

### Article VIII, Section 17, Constitution of Texas.

"The specification of the objects and subjects of taxation shall not deprive the Legislature of the power to require other subjects or objects to be taxed in such manner as may be consistent with the principles of taxation fixed in this Constitution."

### Article 7145, Vernon's Civil Statutes.

"All property, real, personal or mixed, except such as may be hereinafter expressly exempted, is subject to taxation, and the same shall be rendered and listed as herein prescribed."

### Article 7146, Vernon's Civil Statutes.

"Real property for the purpose of taxation, shall be construed to include the land itself, whether laid out in town lots or otherwise, and all buildings, structures and improvements, or other fixtures of whatsoever kind thereon, and all the rights and privileges belonging or in any wise appertaining thereto, and all mines, minerals, quarries and fossils in and under the same."

### Article 7149, Vernon's Civil Statutes.

"...

"...

"Tract or lot."--The term, 'tract or lot,' and 'piece or parcel,' of real property, and 'piece and parcel' of land, wherever used in this title, shall each be held to mean any quantity of land in possession of, owned by or recorded as the property of the same claimant, person, company or corporation."

"...

"Value,"--The term, 'true and full value,' wherever used shall be held to mean the fair market value, in cash, at the place where the property to which the term is applied shall be at the time of assessment, being the price which could be obtained therefor at private sale, and not at forced or auction sale.

"Person."--The term, 'person,' shall be construed to include firm, company or corporation."

### Article 7173, Vernon's Civil Statutes.

"Property held under a lease for a term of three years or more, or held under a contract for the purchase thereof, belonging to this State, or that is exempt by law from taxation in the hands of the owner thereof, shall be considered for all the purposes of taxation, as the property of the person so holding the same, except as otherwise specially provided by law . . ."

### Article 7174, Vernon's Civil Statutes.

"Each separate parcel of real property shall be valued at its true and full value in money, excluding the value of crops growing or ungathered thereon.

". . .

"In determining the true and full value of real and personal property the assessor shall not adopt a lower or different standard of value because the same is to serve as a basis of taxation, nor shall he adopt as a criterion of value the price for which such property would sell at auction or a forced sale or in the aggregate with all the property in his county; but he shall value each tract or lot by itself, and at such sum and price as he believes the same to be fairly worth in money at the time such assessment is made.

"Taxable leasehold estates shall be valued at such a price as they would bring at a fair voluntary sale for cash.

"Personal property of every description shall be valued at its true and full value in money."

". . .

### Article 7319, Vernon's Civil Statutes.

"For the purpose of taxation, real property shall include all lands within this State, and all buildings and fixtures thereon and appertaining thereto, except such as are expressly exempted by law.

Our State Constitution and statutes provide that certain described properties shall be exempt from ad valorem taxes. See Article VIII, §§1 and 1b, Article

XI, Sec. 9, Constitution of Texas, and, pursuant to the authority of Article VIII, §2, Constitution of Texas, Article 7150, Vernon's Civil Statutes of Texas. Therefore, all property in this State is subject to taxation unless exempted by either the Constitution or the statutes of this State.

Being private in nature, this land and leasehold are not exempt by reason of Article VIII, Sec. 2, Article XI, Sec. 9, of the Constitution of Texas, or Article 7150, Vernon's Civil Statutes. Neither is the taxability of this real property, which is covered by a lease for a term of more than three years, governed by Article 7173, supra, because of its private nature. A lessee would not be liable to pay taxes on the leasehold unless the law so provides. If Article 7173 is viewed as an exercise of Legislative power to tax the lessee under prescribed conditions, then it can be stated that the Legislature has provided that a leasehold estate is a taxable estate under those conditions.

This Statute (formerly Article 4691, Revised Civil Statutes of Texas) was construed by the Supreme Court of this State in the case of Tramwell v. Faught, 74 Tex. 557, 12 S.W. 317 (1889), as applicable to the leasehold estate and not to the ownership of the fee in the following language which we quote from the opinion:

> ". . . If appellant had held the lands under an absolute lease for a period of three years or more, his leasehold estate would have been subject to taxation under such value as it would bring at a fair voluntary sale for cash, but he would not have been liable to taxes upon the value of the freehold estate in lands."

Our research does not reveal that this ruling of the Supreme Court has been departed from, but this language is confined to the particular factual situation therein presented, i.e. "the lands" referred to are those "certain school lands" leased from the State. Article 7174, supra, provides how such leasehold estates shall be valued.

The case of Daugherty v. Thompson, 71 Tex. 192, 9 S.W. 99 (1888), was cited by the court in the Tramwell case as authority for the above quoted language. The case involved no private land but rather a lease of county school lands to a private individual for a period in excess of three years and involved a construction of what now are Articles 7173 and 7174. See also State v. Taylor, 72 Tex. 297, 12 S.W. 176 (1888) and Bashara v. Saratoga Independent School Dist., 139 Tex. 532, 163 S.W.2d 631 (1942). The court in the Daugherty case stated the law as follows:

> "All these statutory provisions must be construed in the light of the constitutional provisions applicable to taxation. Article 4673 [7150] was doubtless enacted under the power expressly conferred on the legislature to exempt certain property from taxation by section 2, art. 8, of the constitution. That section of the constitution seems to apply to property owned by persons or corporations in private right, but which, from the use to which it is applied, is, in a qualified sense,deemed public property. Leases of such property for a purpose not carrying the exemption from taxation would doubtless be embraced in article 4691, Rev.St., [7173] and therefore subject to taxation against the holder of the leasehold, if it be for a term of three or more years. Such property, if leased for a term less than three years for a purpose not carrying the exemption, would be subject to taxation; but, in the absence of a statute so directing, such a leasehold would not be taxable against the lessee. The general rule is that the owner of real estate leased, is taxed on the entire value of the property; and this satisfies the constitutional requirement that 'all property in this state, whether owned by natural persons or corporations

other than municipal, shall be taxed
in proportion to its value.' While
such property leased for a term of
three or more years, for a purpose
not carrying the exemption, would
become subject to taxation at its
full value, yet the legislature has
power to impose the tax, on the
value of the leasehold, on the lessee;
but in such case, in valuing the real
estate for taxation against the owner,
it would seem that the value of the
leasehold should be deducted, for
otherwise there would be double
taxation, which, if permissible,
will not be presumed to have been
intended, in the absence of a law
that will not bear any other rea-
sonable construction. Property
exempted from taxation in the hands
of its owner while used for the
purposes on account of which the
exemption is given, will doubtless
become subject to taxation if leased,
for any period, to be used for a
purpose which does not itself give
the exemption, unless in cases in
which the exemption is given by
the constitution, or under a con-
tract that would be impaired by
taxation. While this is true, it
does not follow that a lessee will
be liable to pay taxes on the lease-
hold, unless the law so provides.
The only law providing that a lessee
shall pay taxes on leased property
is found in article 4691, Rev.St.
[7173], which determines what
leasehold estate shall be taxable.
Subdivision 4, art. 4692, Rev.St.,
[7174] can have application to no
other leasehold estates than such
as are made taxable by the preceding
article; for in all other cases, in
the absence of a statute directing

to the contrary, the owner of the real
estate must pay taxes on the entire
value of the land, whether leased or not.
In cases to which article 4691 [7173]
is applicable, it must be held that
it was the intention of the legislature
only to impose on the lessee a tax
based on the value of the 'taxable
leasehold estate,' and not impose
upon him a tax based on a sum equal to
the full value of the real estate,
to be ascertained as provided in sub-
divisions 1, 2, 3, art. 4692, Rev.St.,
[Subdivision 4 of 7174]." (Emphasis
added)

The Supreme Court in the case of City of Beaumont
v. Fertitta, 415 S.W.2d 902 (1967), analyzed the problem
at page 912, as follows:

"It was said at page 173 in the
case of Big Lake Oil Co. v. Reagan County,
217 S.W.2d 171, at 173 (Tex.Civ.App.
1948, error refused):

"It is deemed to be elementary
that in order to warrant an assessment
and collection of a tax the legal
authority must be found in the
Constitution or Statutes of the State."

"The land is exempt in the hands
of the City. By virtue of Article
7173, supra, the leasehold becomes
taxable, valued in accordance with
Article 7174, supra. This tax is
assessable, not against the City,
but against the lessees, respondents
herein." (Emphasis added)

* * *

". . . However, our state has a
peculiar taxing system unlike any other
state we have found in our research.
Our Constitution requires all private

property to be taxed except that which must be specifically exempt by the Constitution and that which the Legislature may or may not exempt. This leaves the power to authorize or not to authorize taxation of municipal property with the Legislature. The Legislature has seen fit not to authorize taxation of such municipal property, but has provided for the taxation of long term leaseholds on municipal property whereby taxes will be paid by the owner of the beneficial interest in the property. (Emphasis added)

"The question still remains, is the 1935 amendment invalid for the reason that it amounts to an agreement for the commutation or exemption of taxes for which respondents may be liable on the leasehold estate? We say it is not invalid for two reasons:

First, paragraph 9 of the 1928 contract quoted above does not deal with taxes which may be assessable against the leasehold. It only deals with taxes which may be assessable against the property covered by the lease. The respondents (lessees) would not be liable for any such taxes except by contract and, as stated above, respondents could be relieved of this contractual obligation for a valid consideration, and we have held that there was such a consideration moving from the respondents to the petitioner. In the second place, if paragraph 9 of the 1928 contract could be construed to cover taxes on the leasehold, respondents' (lessees') agreement to pay them furnished no part of the consideration for the 1928 contract because they were obligated by law to pay them. Consequently, the new

consideration provided in the 1935
amendment, being in lieu only of the
consideration provided in the 1928
contract, could not be for the
remission of taxes which may be due
against the leasehold estate." (Empha-
sis added)

In the case of Phillips Chemical Co. v. Dumas
Independent School District, 361 U.S. 376, 80 S.Ct.
474, 4 L.Ed,2d 384, opinion conformed to 334 S.W.2d
779, reh. denied 362 U.S. 937, 80 S.Ct. 749, 4 L.Ed.2d
751, the United States Supreme Court in dealing with
the problem of the State and subdivisions' right to
tax lessees of federal lands, held at page 380:

"As construed by the Texas courts,
Article 7173 is less burdensome than
Article 5248 in three respects. First,
the measure of a tax under Article 7173
is not the full value of leased tax-
exempt premises, as it apparently is
under Article 5248, but only the price
the taxable leasehold would bring at
a fair voluntary sale for cash--the
Article 7173 imposes no tax on a
lessee whose lease is for a term of
less than three years. Finally, and
crucial here, a lease for three years
or longer but subject--like Phillips'
--to termination at the lessor's
option in the event of a sale is not
'a lease for a term of three years or
more' for purposes of Article 7173.
Trammell v. Faught, 74 Tex. 557, 12
S. W. 317. Therefore, because of the
termination provisions in its lease,
Phillips could not be taxed under
Article 7173. (Emphasis added)

"Although Article 7173 is, in
terms, applicable to all lessees who
hold tax-exempt property under a lease
for a term of three years or more, it
appears that only lessees of public

property fall within this class in
Texas. Tax exemptions for real prop-
erty owned by private organizations
--charities, churches, and similar
entities--do not survive a lease to
a business lessee.

In light of the above discussion in answer to
Question (1), it is the opinion of this office that
a leasehold estate is a "taxable estate" under Sub-
division 4 of Article 7174 and can have application
to no other leasehold estate than such as are made
taxable by Article 7173. See 54 Tex.Jur.2d p. 188,
Taxation §55. In all other cases, in absence of a
constitutional provision or statutory enactment
directing to the contrary, the owner of the real
estate must pay taxes on the entire value of the
land, whether leased or not. Article 7173 is not
an exemption statute, but one imposing a tax on
the value of the leasehold, on the lessee who, unless
the law so provided, would not be subject to such
tax.

While the Legislature could subject leasehold
interests in non-exempt property to taxation if it so
chose, under the present plan of taxation in force in
this State the owner of the freehold of non-exempt
property is liable for taxes on the entire value of
the property even though it is under lease. 40 Tex.Jur.
98, Taxation, §66.

The negative answer to your Question (1) would
render moot Question (2) but for the particular factual
situation herein presented. The fence would become
part of the freehold and be taxable as such, but the
contract entered into as to the character of all other
improvements requires further discussion as to their
nature for tax purposes. Attorney General Opinion No.
WW 691 (1959)

Section 1 of the constitutional Article VIII,
supra, and Article 7145, supra, require that all prop-
erty be subject to taxation and provide for exemptions.

Article 7146, supra, in defining real property
for the purpose of taxation, does not limit the defini-
tion of real property to include only lands and buildings,

but also includes structures and improvements or other fixtures of whatsoever kind. There can be no doubt that this legislative definition is sufficiently broad to cover and include the value of an improvement on land.

Moreover, there is a general principle of law that separate interests in realty are separately taxed to the several owners, as is well stated in Hager v. Stakes, 116 Tex. 453, 294 S.W. 835 (1927), as follows:

> "Real estate is ordinarily taxed as a unit; yet, where there have been severances by conveyance, exception, or reservation, so that one portion of the realty belongs to one person and other portions to others, each owner should pay taxes under proper assessment against him of the portion owned by him." (at p. 842).

The court cited State v. Downman, 134 S.W. 787 (Tex.Civ.App, 1911), which was affirmed by the United States Supreme Court in Downman v. State of Texas, 231 U.S. 353 (1913). In its affirming opinion, the Supreme Court said:

> "Usually real estate is taxed as a unit; but as different elements of the land are capable of being severed and separately owned, the statute may authorize a separate assessment against the owners of the severed parts. Accordingly, if the title has been severed, land may be taxed to one, timber to another, or land to one and coal to another. The state court held that such was the law of Texas, in view of the general language of the statute defining real estate as including not only the land itself, but the buildings on the land and and the minerals under the land."

The statute considered by both courts was Article 5062, Sayles' Ann.Civ.St. 1897, which was in every respect pertinent the same as present Art. 7146, supra.

However, in these types of freehold estates or interest of the same uniform kind in the same tract of land being a separate entity for purposes of taxation, the grant is more than the mere license to enter and use the property, it is a conveyance of the property itself. Except for the improvements, in the present case, no passage of title to severed elements and the creation of distinct taxable property exists. See 54 Tex.Jur.2d 188, Taxation, §55.

There is no authority which permits the value of improvements erected by persons not owners of the land to be excluded from an assessment on the improvements against a different party except where the improvements have been severed from the land by contract or otherwise and are owned by some person other than the owner of the lot. Restated, the general rule is that improvements are fixtures and belong to the owner of the land as part of the realty unless made a chattel by some recognized act of severance, either actually or constructively. A contract may operate as a constructive severance. See Wright v. MacDonnell, 88 Tex. 140, 30 S.W. 907 (1895); Clayton v. Phillips, 159 S.W. 117 (Tex.Civ. App. 1913, no writ); Winchester Fire Ins. Co. v. Roan, 215 S.W. 985 Tex.Civ.App. 1919, error ref.); Edwards v. Thannisch, 254 S.W. 523 (Tex.Civ.App. 1923, no writ); and Haverfield Co. v. Siegel, 366 S.W.2d 790 (Tex.Civ. App. 1963, error ref.)

In Armstrong v. Mission Independent School Dist., 195 S.W. 895 (Tex.Civ.App. 1917 [reversed on other grounds in 222 S.W. 203 (Tex.Comm'n.App. 1920, jdgmt. adopted)], the Court held that improvements placed upon the land of a railroad company by a lessee with an agreement that it was for the use of the lessee and with the further agreement that it could be removed was personal property and not real estate. The court said at page 896:

> "The property seized for the taxes
> of the Mission Oil Company was personal
> property and not real estate, because
> it consisted of improvements placed upon

the land of a railroad company by a
lessee with an agreement that it was
for the use of the lessee and with
the further agreement that it could
be removed. V.S.C.S. 7505; Wright
v. Macdonnell, 88 Tex. 140, 30 S.W.
907; Harkey v. Cain, 69 Tex. 146,
6 S.W. 637; Moody v. Aiken, 50 Tex.
65.

"If it were not personal prop-
erty and were real estate, it could
not have been taxed as the property
of the Mission Cotton Oil Company
[Lessee], but as the property of
the railroad company [Lessor] that
owned the land to which the improve-
ments were affixed."

Under the foregoing authorities, the intention
and agreement of the parties respecting title to the
improvements is given pre-eminence. See Wright v.
MacDonnell, supra; Edwards v. Thannisch, supra; Nine
Hundred Main v. City of Houston, 150 S.W.2d 468 (Tex.
Civ.App. 1941, dism., Judg. corrected); and Rogers v.
Ft. Worth Poultry & Egg Co., 185 S.W.2d 165 (Tex.Civ.
App. 1945, no writ); Attorney General Opinion No.
M-298 (1968).

Therefore, under the present factual situation,
the parties to the lease agreement expressly provided
that any improvements, except the fence, placed on the
land of the Lessor by the Lessee were to remain the
latter's property and might be removed, subject to a
Lessor's Lien for rents due, upon the termination of
the lease.

Thus, the subject property remaining that of the
Lessee during the existence of the lease and thereafter,
it is the opinion of this office in answer to Question
(2) under the facts presented, that the Lessee is liable
as owner for the taxes thereon. The improvements should
be assessed for taxation against the Lessee as personal
property owned by him and valued as provided for in
Article 7174, supra. Attorney General Opinion No. WW
691 (1959).

Hon. Gene Russell, Page 15, (M-319)

## S U M M A R Y

Under the factual situation presented, a leasehold estate is a "taxable estate" under Subdivision 4 of Article 7174, V.C.S., and can have application to no other leasehold estate than such as are made taxable by Article 7173, V.C.S. In all other cases, in absence of a constitutional provision or statutory enactment directing to the contrary, the owner of the real estate must pay taxes on the entire value of the land, whether leased or not.

However, under the factual situation presented, the intention and agreement of the parties respecting title to the improvements, the Lessee is liable as owner for the taxes thereon as personal property owned by him and valued as provided for in Article 7174, V.C.S.

Yours very truly,

Crawford C. Martin
Attorney General of Texas

Prepared by Alan H. Minter
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns Taylor, Chairman
James Broadhurst
Houghton Brownlee
Linward Shivers
Fisher Tyler

A. J. CARUBBI, Jr.
Executive Assistant